SCHOOL DISTRICT No. 8 &C. VS. ARNOLD and another.

*District school building : Can be used only for school purposes.—Power of board to bring suit.*

1. The electors of a school district cannot authorize the use of the district school building for other than school purposes.
2. The board of directors of a school district may (without any direction from the electors) bring suit for an injury to the school house.

APPEAL from the Circuit Court for *Dodge* County.

This action was brought in the name of the plaintiff district by the director thereof, at the request of the district board, to recover damages from defendants for illegally entering the school house, breaking the locks and otherwise injuring the building. Answer, 1. A general denial. 2. That defendants entered by permission of the electors and also of the officers of the district. 3. That the officers of the district had no authority to bring the action. It appeared in evidence that the defendants entered the school building in company with others for the purpose of holding a meeting of a division of the Sons of Temperance; that at a previous special meeting of the district, held December 5, 1865, for the purpose of determining that and other questions duly specified in the notice, a majority of the electors present had voted to allow said division to hold its meetings in said building; and that it had been in the habit of doing so for several years previous.

The justice before whom the action was first brought rendered a judgment for the plaintiff, which the circuit court, on appeal, reversed; and from the judgment of reversal the plaintiff appealed.

*E. P. Smith,* for appellant, as to the right of the district board to bring the suit, cited R. S., ch. 23, secs. 28, 39 and 88; *Green v. Mayor &c. of N. Y.,* 2 Hilt., 209; *Stief v. Hart,* 1 Coms., 30; *Sup'r Galloway v. Stimson,* 4 Hill, 136; *Comm'rs of Cortlandville v. Peck,* 5 id., 215; 1 Cow., 261–4, note; *Inhabitants &c. of Rumford v. Wood,* 13 Mass., 193; *Overseers of Pittstown v. Overseers of Plattsburg,* 18 Johns., 418; *Haner v. Polk,* 6 Wis., 354.

*H. W. Lander,* for the respondents, contended that the director has no authority to bring any action unless directed so to do by a meeting of the electors, except an action upon the treasurer's bond, citing Laws of 1863, ch. 155, sec. 19, subd. 13; secs. 33, 34; and the commentary of the superintendent of public instruction thereon in his notes to the school code. See also *Cornell v. Town of Guilford,* 1 Denio, 515.

COLE, J.   By the express provisions of the statute, the district board has the care and keeping of the school house and other property belonging to the district (section 48, chap. 155, Laws of 1863), and as incident to the proper discharge of this duty must be deemed to have authority to bring a suit for an injury to the school house.   The general rule of law is stated by Ch. J. SPENCER, in *Overseers of Pittstown v. Overseers of Plattsburg*, 18 Johns., 406–418, that when a public office is instituted by the legislature, an implied authority is conferred on the officer to bring all suits, as incident to his office, which the proper and faithful discharge of the duties of his office require.   *Todd v. Birdsall*, 1 Cowen, 260 ; *Supervisor of Galloway v. Stimson*, 4 Hill, 136 ; *Commissioners of Highways &c. v. Peck*, 5 id., 215 ; *The Inhabitants of 4th School District in Rumford v. Wood*, 13 Mass., 193.   The doctrine of the cases in New York is strictly applicable to the point that the board had the authority to commence this suit.   But it is said that our statute limits the power or right of the board to commence a suit for an injury done to the property of the district; and subd. 13, sec. 18, and sec. 34 of the above chapter are mainly relied on in support of this view.   By the former provision it is enacted, that the inhabitants qualified by law to vote at a school district meeting, when assembled at the first and each annual meeting of their district, shall have power, among other things, to give such direction and make such provision as may be deemed necessary in relation to the prosecution or defense of any action or proceeding in which the district may be a party or be interested.   We do not think it was the intention of this provision to deprive the board of all right or authority to bring a suit for a trespass upon the school house in the absence of any such direction by the voters of the district.   The obvious intent of the entire section is, to define in a general manner the power of the electors at the annual meeting, and to prescribe the business that may then be transacted.   We do

not perceive that section 34, which merely requires the director, in case of a breach of the condition of the treasurer's bond, to cause an action to be commenced thereon in the name of the district, has any particular bearing upon the question we have been considering.

The more important question raised in the case is, whether the district board, or the electors of the district even, can authorize the use of the school house for any purpose except for school purposes. And to that question we are of the opinion that a negative answer must be given. In order to maintain public schools and to promote the cause of popular education, the electors of a district are authorized to raise money by taxation to buy sites for school houses, and to erect, keep in repair and furnish suitable buildings thereon for the use of schools. To attain this important object, school houses are erected, and their use and occupation ought not to be diverted to other purposes. The statute has not given the board, nor the electors of the district, any authority to permit a school house to be used for meetings of the Sons of Temperance, or any thing of the kind. So the action of the electors of the district, at the special school meeting held on the 5th of December, 1865, in favor of the Sons of Temperance holding their sessions in the school house, which is relied on as a justification of the acts complained of, was wholly unauthorized, and furnished no defense to the action. This action of the electors in voting that the Sons of Temperance might have the use of the school house to hold their sessions in, was doubtless taken upon the notion that as the school house was the property of the district, the electors might permit it to be used for such purposes as they might think proper. But although the school house is the property of the district, it does not follow that the electors may divert it from its original use. There may be others besides the electors interested in the school building, and whose rights would be affected. Tax-paying

females, non-resident tax payers and others might have reason to complain if the building was used for other than school purposes. Certainly the school house is not the property of the electors in such a sense that they may control its use as they would that of their own property.

We are of the opinion that the judgment of the circuit court must be reversed, and that of the justice affirmed.

*By the Court.*—Ordered accordingly.