. Hohl vs. Town of Westford.

## HOHL vs. TOWN OF WESTFORD.

JUSTICE'S COURT:    (1) *Jurisdiction — Waiver*.
TOWNS — DRAINAGE FUND:    (1) *Where town to be sued*.    (2, 3) *Contract payable from drainage fund — Liability of town*.
EVIDENCE:    (4) *Cross examination.    Relevancy*.

1. Under sec. 19, ch. 120, R. S., if an action against a town is commenced before a J. P., not elected in a *town adjoining* such defendant, the justice has no *jurisdiction* of the latter; but such want of jurisdiction relates to the *party*, and not to the subject matter, and is *waived* by defendant's appearing and answering.
2. Under ch. 151, Laws of 1869, one with whom the supervisors of a town have entered into a valid contract for work which is a charge upon

the town drainage fund, has an action *against the town* (and not merely against the supervisors) for the money due him on such contract.

3. Where money belonging to the drainage fund of a town has been paid to the treasurer thereof, it continues to be in the town treasury, in contemplation of law, until legally paid out therefrom; and the fact that the supervisors had used it, without legal authority, for another purpose, before entering into a contract for drainage, will not relieve the town from liability on such contract.

4. A witness for plaintiff having testified that he was present when the supervisors of the defendant town entered into a contract with plaintiff for digging ditches for drainage in said town, was asked, on cross examination, whether, at a subsequent meeting of the board, he (witness) did not "bid on the letting of the same job" and suggest to certain other persons that they should do likewise? The question having been overruled: *Held*, that it was not *proper cross examination*; and even if offered as direct evidence, it would have been irrelevant.

APPEAL from the Circuit Court for *Dodge* County.

The complaint alleges "that on or about the 20th day of June, 1870, the defendant, by the town board of supervisors of said town, employed this plaintiff to dig a ditch in said town for the purpose of draining and reclaiming the swamp and overflowed land in said town, and agreed to pay this plaintiff therefor the sum of sixty dollars; that this plaintiff has dug said ditch under the direction of said supervisors, and that there is now due him therefor the sum of $60." It further alleges that at the time such contract was made, the treasurer of the defendant town had in his hands $210, money of the town belonging to the drainage fund thereof, and has had the same ever since that time; and that after he did the work, and before he commenced this action, the plaintiff demanded of the supervisors an order on such treasurer for said sum of $60, but they refused to give him such order.

This action was commenced before a justice of the peace of the city of Beaver Dam; and, on the return day of the summons, the defendant, by its attorney, moved to dismiss the ac-

tion for want of jurisdiction, on the ground that the justice before whom it was commenced was not elected in a town adjoining the defendant town. The justice denied the motion. The defendant then answered the complaint (which answer is a general denial), and went to trial on the merits. The justice overruled an objection to the introduction of any testimony by the plaintiff under his complaint; denied the defendant's motion that the plaintiff be nonsuited; and gave judgment for the plaintiff for the amount of his demand.

The defendant appealed to the circuit court from the judgment of the justice, and after having noticed the case for trial three times in that court, moved the court to dismiss the same for the following reasons: 1. Because the justice before whom the action was commenced was not elected in a town adjoining the defendant, and had no jurisdiction of the subject matter thereof; 2. Because no action lies against the defendant town on the facts alleged in the complaint; and 3. "Because the swamp land act, under which the action is brought, is unconstitutional." (The last point seems to have been abandoned. It is not mentioned in the argument of counsel for the defendant in this court, and no notice is taken of it in the following opinion.) The court denied the motion, and the cause was tried. When the plaintiff rested his case, a motion for a nonsuit was made on behalf of the defendant, upon the same grounds assigned on the motion to dismiss, and upon alleged defects in the plaintiff's proofs. This motion was also denied.

The testimony introduced by the plaintiff tended to prove the allegations of his complaint, except that it appears that when he was employed to do the work in question, there should have been more than sufficient money belonging to the drainage fund in the hands of the town treasurer, to pay the plaintiff, but the same had been borrowed by the supervisors for other town purposes, and was not actually in the treasurer's possession at the time, but was afterwards raised by tax and returned to the fund.

The testimony on the part of the defendant tended to show that the supervisors did not employ the plaintiff to do the work, but that they agreed, if the plaintiff would expend forty dollars in draining the swamp lands in said town, they would expend sixty dollars out of the drainage fund for the same purpose, and that they afterwards let a contract to a third person to do the work necessary to such purpose, who performed the same, and was duly paid therefor out of the drainage fund of the town. The testimony also tends to show that a small portion of the work included in the plaintiff's alleged contract was performed by such third person, who was paid therefor as aforesaid.

The instructions given to the jury by the circuit judge are sufficiently stated in the opinion. The jury found for the plaintiff, and assessed his damages at $52.30. The defendant appealed from the judgment entered against it pursuant to the verdict.

*F. Hamilton,* for appellant, argued, 1. That the court erred in refusing to dismiss the action for want of jurisdiction, for the reason that the justice before whom it was commenced had no jurisdiction. By sec. 15, art. VII of the state constitution, justices of the peace have "such jurisdiction as shall be prescribed by law." Sec. 19, ch. 120, R. S., provides that "when any action shall be commenced in a justice court against any town, the same shall be commenced before a justice of the peace elected in an adjoining town." This implies a *negative:* that no action against a town shall be commenced before a justice not elected in an adjoining town. This prohibits the issuing and service of process, or the exercise by the justice of his judicial functions in any manner, in such a case. The defendant's pleading to the merits, after the justice had refused to dismiss the action, and his appealing from the justice's judgment to the circuit court, could not confer jurisdiction either upon the justice or upon the appellate court. *Felt v. Felt,* 19 Wis., 193 ; *Stringham v. Sup'rs,* 24 id., 594 ; *Norval v. Rice,* 2 id., 22 ; *Elmore v. Garvey,* 4 id., 152 ; *Law v. Rice,* 8 Johns.,

Hohl vs. Town of Westford.

409. If the statute be regarded as merely prescribing the *place of trial* of such an action, the justice had no power to try it; and participating in the trial or appealing was not a waiver, the objection having been previously taken and "urged by the defendant to the uttermost." *Elmore v. Garvey*, 4 Wis., 152; 2 id., 22; *State v. Cox*, 3 Eng., 436; *Birmingham Iron Foundry v. Hatfield*, 43 N. Y., 224; *Lapham v. Rice*, 63 Barb., 485. It is not a question of defective process, or defective service of process, or a want of process, which might be waived. 2. Under ch. 151, Laws of 1869, the county and town treasurers are required to give bonds *other* than their official bonds, conditioned for the faithful application and disbursement of drainage moneys apportioned to their respective counties and towns. By secs. 16 and 17, said moneys, when paid into the town treasury, can only be paid out by the town treasurer on the order of the town board of supervisors, and are to be expended under their sole direction for the purpose specified. The town itself, in its corporate capacity, has no control over the drainage fund, and no rights in respect thereto which it could enforce against its board of supervisors, and no duties in regard to its expenditure, or in any other respect. The town, therefore, cannot be held liable for the wrongful acts or neglect of the board in the disbursement of this fund. If plaintiff has an interest in the fund, and the supervisors, as trustees thereof, by the nonperformance of their duty in refusing to give him an order on the legal custodian of the fund, have given him any right of action, he should either put them in motion by *mandamus*, or bring an action against them individually. *Martin v. Mayor, etc.*, 1 Hill, 545; *Lorillard v. Town of Monroe*, 11 N. Y., 392; *Bk. of Commonwealth v. Mayor, etc.*, 43 id., 184; 11 Wis., 448.

*Elwell & Lander*, for respondent, to the point that defendant had *waived* the question of jurisdiction, cited *Lowe v. Stringham*, 14 Wis., 222; *Blackwood v. Jones*, 27 id., 498, and cases there cited.; 11 id., 81. As to the liability of the town they relied on ch. 151, Laws of 1869.

LYON, J.   I. This action was commenced in August, 1870, at which time the following statute was in force: " When any action in a justice's court shall be commenced by or against any town, or town officer in his official capacity, the same shall be commenced before a justice of the peace elected in any adjoining town." R. S., ch. 120, sec. 19.   By reference to certain acts of the legislature of which the court takes judicial notice (the same being public acts), it probably appears that the city of Beaver Dam, in which the justice, before whom this action was commenced, was elected, does not adjoin the town of Westford, the defendant.   P. & L. Laws of 1857, ch. 158 ; P. & L. Laws of 1870, ch. 114.   If it does not, the justice had no jurisdiction of the defendant, and the motion to dismiss, made before him, should have been granted for that reason.   There can be no doubt, however, that this defect of jurisdiction relates to the *party*, and not to the *subject matter* of the action, and, within repeated decisions of this court, is waived and cured by answering to the merits, and by various other acts.   *Blackwood v. Jones*, 27 Wis., 498 ; *Damp v. The Town of Dane*, 29 id., 419.   Hence, when the defendant interposed its answer to the merits of the action, the justice, by that alone, acquired jurisdiction of such defendant, and the objection that the justice had no jurisdiction, subsequently made in the progress of the cause, was properly overruled.

II. The objection that the complaint fails to state facts sufficient to constitute a cause of action against the defendant, seems to be based upon the hypothesis that the town, as such, is not the custodian and trustee of the drainage fund, and has no control over its disbursement.   It is claimed that if the plaintiff has a cause of action, it is against the supervisors and not against the town, for the alleged reason that the supervisors are the trustees of the drainage fund, and do not act as the agents of the town in any matter concerning such fund or the disbursement thereof.

The argument of the learned counsel for the defendant in

support of his hypothesis is very ingenious, but we are not prepared to adopt his views. The town drainage fund was created by ch. 151, Laws of 1869. That act provides that certain drainage moneys shall be apportioned *to the several towns* (sec. 11), and refers to the moneys so apportioned to any town as *belonging to the town* (sec. 14); it provides that the money shall go into the hands of the town treasurer (sec. 14), and, when paid into *the town treasury*, it shall be denominated the drainage fund *of the town*, and, if not needed for drainage purposes, it may be applied to the support of schools (sec. 17). True, the law places the fund under the control of the town board of supervisors, and provides that the same shall be expended under their direction, for the purposes specified in the act; but these provisions merely designate the agencies through which the town shall act in disposing of the fund, and do not relieve it from its obligations as custodian and trustee thereof. One of those obligations is, to perform all lawful contracts made by the supervisors in respect to the fund. The contract stated in the complaint is one that the supervisors had lawful authority to make; and hence the complaint states a cause of action against the town.

III. The circuit judge refused to give an instruction to the jury, prayed for by the defendant, as follows: "If the jury find from the evidence in the case that there was not the sum of sixty dollars of the drainage fund in the custody of the *town of Westford*, at the time at which the plaintiff claims he entered into the agreement set forth in the complaint, then the alleged agreement, if made, was made without authority, and the plaintiff cannot recover."

In contemplation of law, there was, at the time mentioned, more than sixty dollars of the drainage fund in the town treasury. The fact that the supervisors had used it, without legal authority, for another purpose, cannot relieve the town from liability. The plaintiff had the right to assume that there was money belonging to that fund in the treasury, and

to contract on the faith of it.   And if he did so, and has performed his contract, the wrongful act of the agents of the town in using the fund for an unauthorized purpose cannot destroy his contract and exonerate the town from liability on account thereof.   So far as he is concerned, there was a sufficient drainage fund belonging to the town to pay him for his work, and the town, as the trustee of that fund, is bound to apply the same to that purpose.

We are of the opinion that the proposed instruction was properly refused.

IV. The charge of the court to the jury is based upon the proposition that the complaint states a cause of action against the defendant, and the disputed question of fact as to whether the supervisors employed the plaintiff to dig the drain, as alleged in the complaint, was very clearly and fairly submitted to the jury, and it was determined by them in the affirmative. Without setting out the charge in full, it is sufficient to say, that it has been carefully examined, and we find nothing in it which will warrant us in disturbing the verdict.

V. Two rulings of the court on objections to the admission of testimony are claimed to be erroneous.

1. The plaintiff, when testifying in his own behalf, was permitted, against an objection by the defendant, to answer the following question: "How much did the supervisors agree to pay you for digging their ditches?" He answered, "Sixty dollars." Having held that the supervisors were the agents of the defendant in this behalf, and that the complaint states a cause of action against the town, it necessarily follows that the question was a proper one, and the ruling correct.

2. One Peter Laffan was called as a witness by the plaintiff, and testified that he was present when the contract for ditching was made between the supervisors and the plaintiff, and he stated the terms of that contract substantially as the plaintiff claims them to be.   This was the extent of his direct testimony. On his cross examination he was asked the following question:

" In the month of June afterwards was there not a meeting of the supervisors, and didn't you bid on the letting of this same job, and call to the men that were working on this new ditch on *Hohl's* land, and suggest to them that they should bid on the same job? " An objection thereto by the plaintiff was sustained by the court. Certainly this question is not proper cross examination, unless the answer to it might tend to impeach the testimony which the witness had given on his direct examination; for it related to a transaction concerning which the witness had not been examined in chief, and had not testified. And it is not perceived how the answer to the question could tend to impeach the former testimony of such witness. Suppose he had answered the question in the affirmative? His answer might show that the supervisors had been guilty of bad faith towards the plaintiff, but it would fail to show — it would not even tend to show — that the direct testimony of the witness was false.

It appears from the other testimony that the supervisors did afterwards let this work to a third person; but in our view of the case the testimony is immaterial. So, whether we regard the question merely as cross examination, or as a question upon the merits of the case, it seems to be equally immaterial.

Finding no error in the rulings of the circuit court, and finding sufficient testimony to support the verdict, it necessarily follows that the judgment must be affirmed.

*By the Court.*— Judgment affirmed.