THE TOWN OF BUTTERNUT vs. O'MALLEY and another.

*October 12 — November 10, 1880.*

*Power of Town Boards.*

A town board has no authority to discharge a judgment in favor of the town except upon payment of the full amount thereof in money or its equivalent. So *held* as to a judgment on the bond of a former treasurer of the town, where the board assumed to allow such treasurer credits not allowed by the judgment.

APPEAL from the Circuit Court for *Ashland* County.

In January, 1879, this court reversed the judgment of the circuit court in this case so far as it awarded execution for $10,615.78 damages, and remanded the cause to the circuit court with directions to award execution in favor of the plaintiff for $8,780.67, with interest thereon from October 3, 1877. A motion by the defendants for a rehearing was denied on the 22d of April following. 46 Wis., 35-69. On the next day the board of supervisors of the town of La Pointe (which town was then plaintiff in the action), at a meeting thereof, caused the following minute to be entered upon their records: "We, the supervisors of the town of La Pointe, find that *John O'Malley* should be credited with the following sums that are erroneously charged him on judgment:

"1st, $980.83; 2d, $599.98; 3d, $10; 4th, $38.10; 5th, $1,076.85; 6th, $500; total, $3,303.09, to be deducted from 8,597.95; balance,        -        -        -        -        $5,294.86

"Interest on same at seven per cent. per annum from

October 3, 1877 (18 months)        -        -        -        555.97

"Fees on $11,675, 2½ per cent.        -        -        294.12

"Total due by *John O'Malley*,        -        -        -        $6,144.95

"Also $540.11 to be credited to *O'Malley* if his statement is proved to be correct after examining the tax roll now in Ashland."

On the 14th of May, 1879, the three supervisors and town clerk signed a paper addressed to the clerk of the circuit court for Ashland county, requesting him " to credit the sum of $3,303.09 on the judgment against *Vaughn* and *O'Malley* in said case as soon as the same should be perfected and filed."

On the 9th of June following, the circuit court, on the defendants' motion, directed its clerk to indorse and credit on the judgment said sum of $3,303.09 as of the 14th of May, 1879, and several other sums as of May 19, 1879. The grounds on which the sums last mentioned were to be credited need not be stated here. There was a further direction that a copy of the order be served on the sheriff of said county, and that, upon receipt by him of the execution awarded in the action, he indorse thereon the aggregate amount of the sums above stated.

On the 12th of January, 1880, the town of Butternut was by an order of said court substituted for the town of La Pointe as plaintiff herein; and it appealed from the order of June 9, above stated.

*W. F. Vilas* and *J. H. Knight*, for the appellant.

The cause was submitted for the respondents on the brief of *J. J. Miles.*

COLE, J. In making a settlement with *O'Malley* as town treasurer, the town board allowed him credit for certain sums which, they say, were erroneously charged him in the judgment which was rendered by this court. See 46 Wis., 35–69. The question whether he was entitled to credit for these items, was a matter litigated in the suit; and it was distinctly adjudged that they were not proper credits in his favor. It is true, there is no discussion of the question in the opinion delivered by Mr. Justice TAYLOR. What he says at the close of the opinion is, that, with the exception of the sum of $1,835.11, the evidence fully sustains the finding of the court below, in which these disputed items had been disallowed

*O'Malley.* Now, notwithstanding this adjudication, the board ordered that there be deducted from the judgment $3,303.09, which they thought should be allowed him. It seems unnecessary to say that the town board exceeded their authority in thus attempting to discharge a part of the judgment, which belonged to the town. The board were surely not the owners of the judgment; it was the property of the town.

The learned counsel for the defendants says that the town board had full control of the action, and had the right to settle and compromise the judgment upon such terms as seemed to them for the best interests of the town. The powers of the board in this, as well as other matters, are clearly defined by statute. Section 819, R. S. We fail to find any power among them which either expressly or by implication authorizes the board to satisfy a judgment in whole or in part in favor of the town, without its payment in money or an equivalent. The owner of a judgment may undoubtedly discharge it upon the payment of any consideration, or without any payment whatever. But not so with the board, who do not own the judgment, are merely agents of the town, charged with the duty of attending to its affairs, and have no right to give away its property to any one. The question as to the amount the treasurer owes the town is not open for inquiry; for the judgment is final and conclusive upon that point. What right, then, has the town board to make a compromise about the judgment; to make a settlement, and agree to receive less than the sum adjudged to be due the town? It is not claimed that the full judgment cannot be collected. If the board can, by way of settlement, allow the treasurer credit in rebate thereof for sums which were disallowed by the court, they may discharge the whole judgment, without any payment, if they deem the judgment unjust.

We shall not attempt to determine in this case whether or not the town board have power to settle and compromise a

doubtful claim in favor of the town, which has not gone to judgment. The town board have charge of all actions in which the town is a party, and are required to prosecute suits for penalties and forfeitures for the benefit of the town, and for injuries to its property. Section 819, *supra.* Perhaps this power to prosecute an action may carry with it the right to settle and compromise it while pending; but when the amount in controversy has gone to judgment, and been finally determined, we find no authority given the town board to compromise or discharge the judgment without payment. The board certainly has no power to revise or modify the judgment, though they may think it erroneous and unjust.

In the following cases we have had occasion to consider what powers were conferred on county boards in regard to some kindred matters: *Sup'rs of Kewaunee Co. v. Knipfer,* 37 Wis., 496, presented a case where the county board assumed to increase the salary of the county treasurer during his term of office, and this court held the action of the board unauthorized. In *Sup'rs of Brown Co. v. Van Stralen,* 45 Wis., 676, the validity of an agreement entered into between the county board and county treasurer, to discontinue a suit for the breach of the official bond of the treasurer, upon settlement made for the payment of the sum claimed due, was sustained, the court holding that it constituted a good plea in abatement. In *Sup'rs of Oconto Co. v. Hall,* 47 Wis., 208, the question whether the county board could discharge the county treasurer and his sureties from liability upon the official bond of the former, without payment of the full amount actually due, was raised, but not decided. But to our minds the proposition is very plain, that under the statute a town board has no authority to compromise and discharge an existing valid judgment in favor of the town, without its payment in money or an equivalent. No such discretion or power is vested in the town board. It was therefore the duty

of the board in this case to see that the judgment was collected, and not attempt to reduce the same by allowing credits upon it which had been disallowed by this court in its judgment.

*By the Court.*— The order appealed from is reversed, and the cause remanded for further proceedings in accordance with this opinion.