THE TOWN OF FOX LAKE VS. THE PRESIDENT, ETC., OF THE VILLAGE OF FOX LAKE.

*February 9 — March 3, 1885.*

APPEAL TO S. C. *(1) Exceptions by respondent available.*

TOWNS: VILLAGES. *(2) When town board may sue. (3) Conversion of license moneys by village: Waiver of tort. (4) Evidence.*

1. The respondent may, on appeal to this court, avail himself of any exceptions he may have taken to the rulings on the trial below, to sustain the judgment.

2. The town board may, without a vote of the electors of the town, bring an action to recover from a village therein moneys received for licenses for the sale of intoxicating liquors and wrongfully retained by such village. Sec. 819, R. S. *State ex rel. Manitowoc v. County Clerk,* 59 Wis. 15, distinguished.

3. Where the village board has appropriated to the use of the village moneys in the hands of its treasurer belonging to the town, the town may recover the same from the village in an action *ex contractu,* the conversion being waived.

4. In such action a properly certified copy of the record of the proceedings of the village board appropriating the moneys, is admissible in evidence.

APPEAL from the County Court of *Dodge* County.

The facts are stated in the opinion. The plaintiff appealed from a judgment of nonsuit.

For the appellant there were briefs by *F. Hamilton & Son,* attorneys, and *Lander & Lander,* of counsel, and the cause was argued orally by *Mr. H. W. Lander.*

For the respondent there was a brief by *D. D. Thomas,* attorney, and *W. H. Austin,* of counsel, and oral argument by *Mr. Austin.*

ORTON, J. This suit is brought by the plaintiff town to recover from the defendant village within the same, moneys received for licenses for the sale of strong, spirituous, malt, ardent, and intoxicating liquors within the said village between May 7, 1883, and March 1, 1884, amounting in the

JANUARY TERM, 1885. 487

Town of Fox Lake vs. President, etc., of the Village of Fox Lake.

aggregate to the sum of $396.87. All of the allegations of the complaint are admitted in the answer, except as to the amount of license moneys so received by the village, and the demand thereof by the town. The answer then alleges that the plaintiff town has no right to prosecute this action because not authorized by a vote of the electors of the town, and this objection was raised by demurrer *ore tenus*, and overruled by the court on the trial, and it is now insisted by the learned counsel of the appellant that inasmuch as the defendant has not appealed from such order.overruling said demurrer, it is *res adjudicata*, and advantage cannot now be taken of such error to sustain the judgment. We think otherwise. The respondent may, on appeal, avail himself of any exceptions he may have taken to the ruling of the court on the trial, to sustain the judgment. If it was incumbent upon the plaintiff town to aver and prove that the suit was authorized by a vote of the electors in order to recover, then the nonsuit should not be disturbed, even though it was granted on another and different ground.

The amount of moneys received by said village for such licenses, and a demand thereof from the village and its treasurer by the plaintiff town, were proved. The plaintiff then offered a certified copy of a resolution of the village board adopted soon after said demand, appropriating said license moneys to certain village purposes, to wit: "For building and repairing sidewalks, and for defraying the expenses of lighting street-lamps in said village, and for paying the salary of the village marshal, and for paying past indebtedness of said village." Following this resolution on the certified record is a motion passed by the board to take legal counsel on the demand of the plaintiff for such license moneys. This certified record was objected to as not being the best evidence, and as incompetent and irrelevant. The copy of the resolution and motion was properly certified, and was clearly admissible under sec. 4148, R. S.

In the brief of the learned counsel of the respondent it is contended that this record of the action of the village board, so disposing of the license moneys, was incompetent, because there is no allegation in the complaint that the village had converted such moneys to its own use, and the county court granted a nonsuit in the case on the ground that the village was not liable, and that the plaintiff's proper remedy is by *mandamus* against the village treasurer, in whose custody the license moneys are by law. The only questions raised upon the record and to be considered on this appeal are, (1) Is it incumbent upon the plaintiff town to show the authority of a vote of the electors to commence and prosecute this suit? and (2) Is the village liable in this action?

1. As to the authority of the supervisors of the town to bring the suit without the vote of the electors. In *La Pointe v. O'Malley*, 46 Wis. 35, the action was brought upon the official bond of the town treasurer to recover the moneys of the town withheld by him from his successor in office, and without the authority of any vote of the electors. The question of the authority of the board to so bring the action was not raised; but in the same suit, after the substitution of the *Town of Butternut v. O'Malley*, 50 Wis. 329, in which the authority of the town to compromise the judgment in that case by taking less than the amount thereof was in question, this court passed upon the extent of the authority of the town to prosecute such a suit without a previous vote of the electors and to control the judgment under sec. 819, R. S. The present chief justice, in his opinion, says that "the town board have charge of all actions in which the town is a party, *and are required to prosecute* suits for penalties and forfeitures for the benefit of the town and for injuries to its property. Perhaps this power to prosecute an action may carry with it the right to settle and compromise it while pending." And then the opinion holds that the board under said section had no power to compromise or

discharge the judgment or any part thereof without payment, on the ground that the judgment, when so recovered, is not the property of the board, but of the town.

That case and the present one are very much alike. The board brought suit in that case to recover moneys belonging to the town withheld by its treasurer, and in this case the board brings suit against the village to recover moneys belonging to the town withheld by the village. The money in both cases is the property of the town, and it is made the duty of the board by that section to prosecute for its recovery. In the same case, on appeal from an order substituting the town of Butternut as plaintiff (50 Wis. 333), the question was directly raised that the town of Butternut had no authority to employ counsel to procure such substitution without a vote of the electors, according to subd. 2, sec. 776, R. S., and this court held that sec. 819, R. S., conferred such authority in the clearest terms by the authority to prosecute such an action. The two provisions — the one in subd. 2, sec. 776, and sec. 819 — might seem to be in conflict. The first empowers the qualified electors of the town "to direct the institution and defense of all actions in which the town is a party or interested, to employ all necessary agents and *attorneys* for the prosecution or defense of the same," etc. The second provides that the town board "shall have charge of all actions in which the town is a party, see that all penalties and forfeitures for the benefit of the town, all breaches of official bonds to the damage of the town, and all injuries to the property of the town, are prosecuted for, and the damages and penalties and forfeitures collected and paid to the treasurer." These two provisions can well stand together, when such independent action of the town board is confined to the subjects contemplated by the last section; and in respect to the institution, prosecution, or defense of all actions not within said section, the vote of the electors should be required by sec. 776. The enumeration of the

special objects of such suits as the town board may bring by virtue of their office as supervisors, and within the proper and faithful discharge of their official duties, in sec. 819, embraces cases where the right of recovery is clear and unquestionable and relating to the funds and property of the town and by delay of prosecution the town would suffer damage, and embraces all of that class of cases. The provision in sec. 776 would seem to relate to cases where the town may or may not have an interest and be a necessary party, and where the event of suit might be uncertain and disastrous, and the litigation more or less experimental and of great expense and perhaps loss to the town.

The learned counsel of the appellant cites the case of *School District No. 8 v. Arnold*, 21 Wis. 657. The statute considered in that case was the same as in subd. 15, sec. 430, R. S., giving the inhabitants of school districts, at annual meetings, the power "to give such direction and make such provision as may be necessary in relation to the prosecution or defense of any action or proceeding in which the district may be a party or interested." In that action, brought by the board of directors of the school district without a vote of the inhabitants, a trespass upon the school-house was complained of, and it was urged that the board could not bring such an action without such authority, and the action was sustained on the ground that there was "an implied authority in such officer to bring all suits, as incident to his office, which the proper and faithful discharge of the duties of his office require." The language giving power to the electors is very similar in the two cases; the difference, if any, being in favor of the power of the board of supervisors to bring such actions without a vote of the electors, in the fact that the statute does not directly authorize the board of directors to bring suits, and their right to do so is vested by their general powers as such officers. In the Revised Statutes of 1849, sections 3 and 58 of chapter 12 are very similar

to the above sections 776 and 819; and in *Haner v. Polk*, 6 Wis. 350, the authority of the town to take an appeal from a judgment against the town for damages for a defective highway, without a vote of the electors, was considered, and it was held that the right to do so in such a case was unquestionable.

We think this case is within the principle of the above cases, and within the provisions of sec. 819. I have said this much on this question, not only because of an apparent conflict between the two statutory provisions, but because also of the decision of this court in *State ex rel. Manitowoc v. County Clerk*, 59 Wis. 15. In that case it was held that the town board had not the power to act as relator and sue out a writ of *certiorari* to review the proceedings of commissioners of equalization, without the authority of the electors under subd. 2 of sec. 776; and the reasons given for the decision are that the prosecution of the writ in such a case " would involve consequences in the way of costs and expenses which might be greatly detrimental to the electors and tax-payers of the town, and the electors of the town are the parties interested in preventing the imposition of a charge against taxable property of the town through the action of the commissioners, and the action to review the acts of the commissioners should be either instituted by the tax-payers or some of them in person." These special reasons are sufficient to take the case out of the general rule which governs the other cases above cited and the present case where the right is absolute and relates to the moneys and property belonging to the town. We need only to say that the authority of the above case will not be extended beyond similar cases, and that the authority of this case will not be extended beyond such cases as are similar in principle.

2. Is the village liable in this action? The village board has interfered with this fund belonging to the town in the hands of the village treasurer, and appropriated it to village

purposes, and has converted it to the use of said village. The village collected this license money and caused it to be paid into the village treasury, and it can be drawn out only by the order of the village; and it is the duty of the village board to make such order, and cause it to be paid to the town. Instead of doing this, the board diverted and converted this fund to the use of the village. The town made demand upon the village board to cause said moneys to be paid to. the town, to be used for the support of the poor, and they not only refused, but passed a resolution diverting the fund and a motion to employ legal counsel to defend the village in any suit brought by the town to enforce its payment. If the village was not primarily liable, it has most clearly become so by such action. The conversion of the fund may not be alleged in the complaint, but the tort may be waived, and the action of implied *assumpsit* brought whenever there is a clear right of recovery of moneys which the village unlawfully withholds from the town to which it belongs. *Woodward v. Hill*, 6 Wis. 143. It may be that an action might have been brought against the village treasurer, or a *mandamus* obtained against him, on his refusal to pay over to the town these moneys on demand, on the ground that the village board had no authority to divert them to their own village purposes, and the treasurer had no right to pay them out for such purposes. But that does not affect the common-law liability of the village. By its corporate action it has said to the town that it has taken this money and used it for its own purposes, and it is now estopped from denying that it has done so. It has laid its hand upon a fund that belongs to the town, and appropriated it to its own corporate use, and there is a clear *assumpsit* of liability to pay it to the town by elementary principle. *Mandamus* should not be resorted to if there is any other clear legal remedy. *State ex rel. Lord v. Supervisors*, 2 Pin. 552. The liability of the village in such a case was clearly recognized

in *Hohl v. Westford*, 33 Wis. 323. The same position against the liability of the town on account of the drainage fund in the hands of the town treasurer was taken in that case, and the court, by the opinion of Mr. Justice LYON, says: "The fact that the supervisors had used it without legal authority for another purpose, cannot relieve the town from liability." The same question as to the liability of the treasurer by *mandamus* was raised in that case.

The granting of the nonsuit on the ground that the village is not liable in the action, and that the only remedy of the town is by *mandamus* against the village treasurer, was most clearly erroneous. It was error also to reject the certified copy of the resolution and motion of the village board, by which the fund was misappropriated by the village; and the objection that the supervisors of the town could not bring this action without the authority of a vote of the electors of said town, was not well taken, and cannot be made available on this appeal to support the judgment of nonsuit.

*By the Court.*— The judgment of the county court is reversed, and the cause remanded for a new trial.