The Town of Oak Grove vs. The Village of Juneau.

See note to this case in 29 N. W. Rep. 542; 20 Am. L. Rev. 822.—REP.

THE TOWN OF OAK GROVE, Appellant, vs. THE VILLAGE OF JUNEAU, Respondent.

*September 21 — October 12, 1886.*

VILLAGES. *(1) Ordinance imposing penalty: Publication. (2) Support of poor: License moneys: Intoxicating liquors.*
COSTS. *(3) Action upon contract: Statutory liability.*

1. Under sec. 891, R. S. (providing that village ordinances shall be signed, etc., " and if any penalty or forfeiture is thereby, in any event, imposed, shall, before taking effect, be published," etc.), it is only when the ordinance itself imposes the penalty or forfeiture, and not when its violation is punished by a general statute, that publication is necessary.
2. A village which has provided for the support of the poor therein, as authorized by sec. 3, ch. 374, Laws of 1885, is not required to pay over to the town in which it is situated the money derived from licenses to sell intoxicating liquors.
3. An action to recover moneys had and received for the use and benefit of the plaintiff, where the liability is created by statute, is an action upon contract within the meaning of sec. 2921, R. S., limiting the amount of costs recoverable in such actions.

APPEAL from the Circuit Court for *Dodge* County.

The following statement of the case was prepared by Mr. Justice CASSODAY:

The complaint alleges, in effect, that between May 10, 1885, and May 23, 1885, inclusive, the village had granted

and issued licenses to five certain keepers of saloons named, for the price of $200 each, for the sale of strong, spirituous, malt, ardent, or intoxicating liquors within said village; and did at the time mentioned and has received for said licenses, and paid to said village treasurer, before the commencement of this action, the sum of $1,000 "to and for the use of said plaintiff town; and to which said plaintiff town is by law entitled, to be applied by said plaintiff to the support of the poor within said town, including the poor within said defendant village;" "that after the defendant received said license money to and for the use of the plaintiff, and before the commencement of this action," the plaintiff duly demanded said license moneys of the village, but it neglected and refused to pay or cause the same to be paid to the plaintiff, and still does so neglect and refuse; wherefore, the "defendant is justly indebted to the said plaintiff therefor in the said sum of $1,000, with interest thereon from May 23, 1885," for which it demands judgment, with costs.

The answer contains denials; and alleges, in effect, that under and in pursuance of the statutes the village had, prior to the receipt of any of said moneys, obligated itself to provide for and support its poor, and was therefore entitled to such license moneys; and the trial court, in effect, so found; and from the judgment entered accordingly the plaintiff appeals.

For the appellant the cause was submitted on the brief of *Lander & Lander*. They contended, *inter alia*, that the town had been in no way relieved from its obligation under ch. 63, R. S., to relieve and support the poor therein. The village ordinance does not have that effect. If a citizen of the village should go to another town and become a pauper, there is no law whereby the village could be compelled to pay for his support.

For the respondent there was a brief by *K. C. Lewis*, and oral argument by *E. C. Lewis*.

CASSODAY, J.  It is conceded that the village was organized April 12, 1879, under ch. 40, R. S., and other laws amendatory thereof; that it was situated in the plaintiff town in the county of Dodge; that the county system of supporting the poor was never adopted in that county; that as the law stood prior to April 1, 1885, the town was entitled to all license moneys collected in the village, as the village had not then provided for the support of the poor therein within the meaning of sec. 1562, R. S., as amended by sec. 1, ch. 156, Laws of 1883. *Green Co. v. Monroe*, 55 Wis. 179, 180; *Fox Lake v. Fox Lake*, 62 Wis. 491–493.

The defendant village, having been organized under ch. 40, R. S., only had such powers as were given by that chapter and its several amendments.  By sec. ·892, R. S., of that chapter, as it originally stood, the "village board" had "power, by ordinance, resolution, by-law, or vote," to do the several things therein specifically enumerated; but nowhere among them is found the right to "provide for the support of the poor therein."  By sec. 3, ch. 374, Laws of 1885, that section was "amended by adding thereto, as an additional subdivision, the following, viz.:  (28) To regulate, by ordinance, the manner of caring and providing for the support of the poor of the village."  That amendment was published and went into effect April 17, 1885, and thereupon became a part of the charter of said village.  In pursuance of the power thus granted, the village board, on May 9, 1885, duly made and passed an ordinance which, in effect, enacted that the village should "relieve and support all poor and indigent persons lawfully settled therein whenever they" should "stand in need thereof;" that "the trustees" of the village should "have the care of all poor persons in their village so long as they" should "remain a village charge."  That they should see that they were "properly relieved and taken care of in the manner required" therein; that the village should "relieve, take care

of, and support all said poor of said village in the same and like manner as every town in the state of Wisconsin is required by law to relieve and support all poor and indigent persons lawfully settled therein;" that a "legal settlement" might "be acquired" therein "in the same and like manner as such persons acquire, by law, legal settlement in any town in the state."

The ordinance was not published until May 15, 1885, and it is claimed that, as $400 of the license moneys was received by the village before such publication, it belonged to the town in any event. Sec. 891, R. S., provides that "all ordinances and by-laws shall be signed by the president, and counter-signed by the clerk, and if any penalty or forfeiture is thereby, in any event, imposed, shall, before taking effect, be published," etc. Counsel contend that because the statute (sec. 4549, R. S.) punished any neglect of the duty imposed upon the village officers by the ordinance, that, therefore, a penalty or forfeiture was imposed by the ordinance, and hence that it did not go into effect until published. But such punishment is clearly imposed by the statute, and not by the ordinance. It is only where the ordinance itself imposes the penalty or forfeiture that publication is necessary. The ordinance in question was not of that kind. It merely imposed new obligations upon the village, and, as compensation therefor, gave to it such license moneys as it might thereafter receive for the purposes prescribed by law. As indicated, the enactment of the ordinance was authorized by statute. The statute declares that "all authorized ordinances and by-laws shall have the force of law, and remain in force until repealed." Sec. 891, R. S. The ordinance in question had therefore "the force of law," and bound the trustees of the village to care for and support the indigent poor therein, the same as town supervisors are required to care for and support the indigent poor in their respective towns. It follows that,

upon the merits of the controversy, the conclusions of the trial court were correct.

The cause of action alleged in the complaint was to recover moneys received by the defendant for the use and benefit of the plaintiff, and hence must be treated as an action upon an implied contract. *Fox Lake v. Fox Lake, supra.* This is none the less so because such liability, had it existed, would have been created by statute. The mere fact that the proof failed to establish the allegations of the complaint, did not change the nature of the action nor increase the amount of costs which might be recovered by the successful party. The statute is imperative, and provides "that, in actions at law, on contract, the costs, exclusive of disbursements, shall not in any one case exceed $25; . . . and, if the defendant be entitled to recover costs therein, he shall recover the same costs as the plaintiff would have been entitled to recover if the demand of his complaint had been established." Sec. 2921, R. S. Here the itemized attorney's fees amounted in the aggregate to $54.30. This included $29.30 more than the defendant was entitled to.

*By the Court.*— The judgment of the circuit court is affirmed upon the merits, and reversed as to the costs, and the cause is remanded for further proceedings according to law, but without costs in this court as to either party, except that the appellant must pay the fees of the clerk.