STATE EX REL. GILBERT, Special Counsel, vs. PHILIPP and others.

*May 26—June 13, 1916.*

*Normal schools: Appropriations: Building fund not depleted by unauthorized loan: Injunction.*

Where a loan from the normal school building fund, for the purpose of improving an athletic field, was not authorized by law, such loan, though never repaid, did not in contemplation of law deplete the building fund; and the state board of education should not be restrained from contracting for the erection of a building on the ground that, because of the supposed depletion resulting from such loan, the building fund was insufficient.

ORIGINAL ACTION brought in this court to restrain the state board of education from contracting for the erection of

a physical education building at the La Crosse normal school to cost $80,000 for the alleged reason that there is only $71,360.98 in the building fund now available for such purpose. The petition for an injunction and the return thereto disclose the following facts: At the time of the commencement of this action there was, according to the records of the secretary of state, in the building fund of the La Crosse normal school created by sub. 2, sec. 406a, Stats. 1915, the sum of $26,360.98, and in the building fund created by sub. 37, sec. 172—54, Stats. 1915, the sum of $45,000. It also appears that in the autumn of 1914 the athletic field for the normal school was graded and improved at a cost of $9,465.17 and there being no funds then available in the land and land improvement fund created by sub. 22, sec. 172—54, Stats., the board of normal school regents, since succeeded by the defendants herein, pursuant to a resolution charged the same against the building fund created by sub. 2, sec. 406a, Stats. 1915, with the proviso that the bills for the same should after March 1, 1915, be transferred to the fund created by sub. 22, sec. 172—54, at which time there would be moneys in said fund under an appropriation then available. No part of the sum of $9,465.17 has ever been repaid to the building fund out of which it was taken.

*Frank L. Gilbert,* special counsel, for the *State.*

The *Attorney General* and *E. E. Brossard,* assistant attorney general, for the defendants.

Vinje, J. If the loan of $9,465.17 from the building fund created by sub. 2, sec. 406a, Stats. 1915, was not authorized, then, in contemplation of law, the money is still in that fund and the sum of $26,360 should be increased by $9,465.17, making $35,825.17, which added to the $45,000 in the fund created by sub. 37, sec. 172—54, makes a total of $80,825.17 in the building funds available for the construction of the building. We have not been referred to, and have been unable to find, any authority, statutory or other-

wise, for the attempted borrowing of the $9,465.17 from the building fund for the purpose of improving the athletic field. On the contrary, sec. 172—131, Stats. 1915, forbids the forestalling of appropriations or the diversion of funds. The board of regents having no authority to borrow from the building fund, the money was taken therefrom without legal warrant. When so taken the fund is not depleted. In contemplation of law the money is still in the fund for all legitimate purposes thereof. *Hohl v. Westford,* 33 Wis. 323; *School Districts v. Edwards,* 46 Wis. 150, 49 N. W. 968. It follows that there is a sufficient fund on hand to construct the building and that no injunction should issue.

*By the Court.*—Writ of injunction denied and complaint dismissed upon the merits.