O'LOUGHLIN, Appellant, vs. DORN and others, Respondents.

*November 6—December 3, 1918.*

*Schools and school districts: Building of schoolhouse: Cost in excess of fund provided: Repudiation of obligation: Judgment restraining tax levy: Construction and effect: Ratification of acts of school board.*

1. Where the sum of $450 was claimed to be due as a balance on a contract for the building of a schoolhouse, a motion, carried at an annual meeting of the school district, "that if we can get out of paying the $450 to [the contractor] we will" was not effectual either as a repudiation of the obligation or as a bar to a later recognition thereof.

2. Where the trial court found that, after a school district had in 1912 adopted a resolution to raise a certain sum for the purpose of paying the balance of the cost of building a schoolhouse, a judgment was entered in the circuit court "restraining the levy of said tax for the reason that it exceeded the amount which could be raised by a tax levy in one year by said district," and said judgment, but no other part of the record in the action in which it was rendered, is in the bill of exceptions upon an appeal in the case in which such finding was made, that finding is conclusive upon this court as to what was determined by said judgment, especially where no exception was taken to the finding.

3. The judgment so found to have been entered could not affect the validity of proceedings based upon formal action taken by the school district in 1915 to approve and ratify the acts of the school board in procuring the erection of the school-

house and to authorize the borrowing of money, payable in four annual instalments, to pay the balance of the cost thereof—the action taken in 1915 not being a revival or renewal of the proceedings had in 1912, and hence not a violation of any order restraining the levy of a tax in 1912.

4. Where a school district provided a fund of $1,700 only for the building of a schoolhouse, the school board had no authority or power to bind the district in excess of that amount; but after the board had, without authority, procured the erection of the building at a larger cost, the district, which might in the first instance have provided a fund equal to said cost, could lawfully accept the building and ratify and confirm the acts of the board, and thus create an obligation of the district to pay the larger amount. *Balch v. Beach,* 119 Wis. 77, and *Glidden State Bank v. School Dist.* 143 Wis. 617, distinguished.

APPEAL from a judgment of the circuit court for Buffalo county: GEORGE THOMPSON, Circuit Judge. *Affirmed.*

Plaintiff, as resident, voter, and taxpayer of the school district of the town of Glencoe, Buffalo county, brought this action in equity on behalf of others in said district as well as himself to enjoin the officers of that school district from in any manner paying certain notes of said school district or raising any tax or making any loan for such purpose.

At the annual meeting of the school district on July 3, 1911, resolutions were adopted to build a new schoolhouse, brick veneered, size 36 x 24, to have furnace heat, and with privilege of making larger; and that the board borrow $1,700 from the state trust fund.

At a special meeting on August 24th more formal resolutions were adopted for the making of the $1,700 loan; purchasing the site; raising by tax a sum sufficient to pay the principal and interest on such loan; to dispose of the old school; and authorizing and directing the school board to proceed with the construction of the new schoolhouse.

In September, 1911, a contract was entered into between the school board and one J. G. Schneider for the construction of a new schoolhouse at the price of $2,238. The building

was completed early in 1912 and used from that time on
by the district for school purposes.  The $1,700 borrowed
from the state trust fund was paid to the contractor as well
as $100 received on the sale of the old building, and on May
7, 1912, a note for $450, which seems to have been an agreed
balance due on the contract, was executed on behalf of the
school district by its officers with their individual guaranties
and delivered to said J. G. Schneider, who sold the same to
the *Bank of Arcadia.*  No meeting of the school district or
of the school board was held to authorize the giving of this-
note.  The note was renewed from time to time thereafter
by the then town officers, the renewal notes all to the *Bank*
*of Arcadia* adding the accrued interest to the principal, so ·
that at the time of the commencement of this action the
amount of the principal and interest was $532.49.

At the annual meeting in July, 1912, the only reference
to this matter was as follows: "Motion made and carried
that if we can get out of paying the $450 to J. G. Schneider
we will."

At a special meeting of the district August 24, 1912, a
resolution was duly carried that there be raised $477 for the
purpose of paying the balance of the cost of the construction
of the schoolhouse.  At the annual meeting in July, 1913, a
resolution was adopted that "said school building be accepted
by the district at the contract price of $2,150 and all the acts
of said school board be hereby ratified and accepted."  And
also "that we raise by tax $470.25; during the year 1913
$150, during the year 1914 $175, and during 1915 $206.21."

At the meeting on June 7, 1915, designated by the findings
and so treated by the parties as the annual meeting, there
was adopted by 21 to 6 votes, expressed by written ballots,
a formal resolution reciting the holding of the special meet-
ing of August 24, 1911; the voting to build a new school-
house; that the school board proceed to build at a cost of
$2,250; the raising of the $1,700 from the school trust fund,
and the sale of the old schoolhouse for $100; the paying of

the sum of $1,800 on the cost of its construction; the leaving of a balance of $450 due thereon "at the time of the completion and acceptance of said building, to wit, February 7, 1912;" that said balance of $450 with interest amounts to $532.49, which is still unpaid by said district; that the schoolhouse has been used as such since its erection and the school district has accepted the same; that the school board acted in good faith and for the sole purpose of carrying out the intention and wishes of the qualified electors of said school district as expressed August 24, 1911; that the school district has had the use and benefit of said building and it has been satisfactory; that said school building be accepted by said school district at the contract price thereof and all the acts of said school board be hereby ratified, approved, and accepted; that the school district board be authorized to borrow $532.49, payable in four annual instalments (specifying amounts and dates), with interest, for the purpose of paying the balance of the cost of building said schoolhouse; and lastly, that a sum sufficient to pay the interest and principal of said loan as it becomes due be and the same hereby is levied upon the taxable property of said district.

On June 8th the school district officers met and borrowed $532.49 from the *Bank of Arcadia* and executed notes therefor in amounts and dates corresponding with the provisions made at the meeting of the day before. These notes were taken by the bank in lieu of the last renewal note for the first one of May 7, 1912.

After the trial the court made findings determining the facts as stated above, and also a finding numbered (9) which is copied hereafter in the opinion; and further that the electors of the school district had full knowledge of the actions of the board at all times, and that with such knowledge they duly ratified, confirmed, and approved of such acts.

As conclusions of law it was found that the notes of June 8, 1915, are valid and subsisting obligations against said district and that the tax provided in said resolution is

O'Loughlin v. Dorn, 168 Wis. 205.

valid and effective, and that plaintiff's complaint be dismissed on the merits.    From a judgment entered thereon plaintiff has appealed.

The cause was submitted for the appellant on the brief of *Frank C. Richmond* of Arcadia and *R. S. Cowie* of Whitehall, and for the respondents on that of *Gaveney & Barlow* of Arcadia and *Edward Lees* of Winona, Minnesota.

ESCHWEILER, J.    The carrying of the motion at the annual meeting in July, 1912, in the words "that if we can get out of paying the $450 to J. G. Schneider we will," cannot be held such a definite, formal proceeding on the part of the electors of the school district as would amount to a repudiation of the obligation claimed to be due as a balance on the contract for the building of the schoolhouse, as is urged by appellant.    However devoutly those then present may have wished for such a consummation, they fell short in any fulfilment thereof, and their declaration, therefore, was ineffectual either as a repudiation of the obligation or as a bar to a later recognition thereof.

Appellant also alleges that the judgment which is described by the ninth finding of fact as follows: "That thereafter an action was commenced by one L. F. Kurth to restrain the levy of said tax of $477, and on the 7th day of February, 1913, a judgment was rendered and entered in the circuit court for Buffalo county restraining the levy of said tax for the reason that it exceeded the amount which could be raised by a tax levy in one year by said district," is binding upon defendants and conclusive in favor of plaintiff upon the facts here involved.

There is no dispute but that the sum referred to in that Kurth action was intended to be used to extinguish the same obligation which is the subject matter of this action, namely, the balance of $450 on the construction of the schoolhouse, with the then accrued interest.    Although the judgment,

which was upon stipulation, in that action was offered in evidence herein and is in the bill of exceptions, and from its form as it there appears it might give some color to appellant's contention, yet as no further portions of the record in that other action are before us, we are bound by the findings of the trial court as to what was determined by that action, for we must presume the findings herein were based upon records before him and not before us, especially as there was no exception taken to such finding by appellant.

Giving effect to this finding as to the judgment of February 13, 1913, it must be held to have determined nothing more than that the attempted levy of a tax for $477 in August, 1912, was invalid because in excess of the amount which could be lawfully raised in said district in one year. Such a judgment in February, 1913, could not affect proceedings based upon that which is done, or attempted to be done, in June, 1915. Nor are the proceedings of this later date a revival or renewal of the proceedings of August, 1912, and consequently not a violation of any order restraining proceedings to levy a tax in 1912.

Under sec. 40.09, Stats., the electors of the school district in meeting assembled shall have the power to vote such tax as the meeting shall deem sufficient to build a schoolhouse.

Under sec. 40.26 the school district board shall, when lawfully directed by the electors, build a schoolhouse "out of the funds provided for that purpose."

Under these provisions of the statutes, when the school district decided to build, the maximum cost for such building was fixed at the amount of the fund then and there provided, viz. the $1,700. The school board had no authority or power to bind the school district in excess of that amount. *Nevil v. Clifford,* 63 Wis. 435, 443, 24 N. W. 65; 35 Cyc. 951, 952; *Knaack v. School Tp.* 179 Iowa, 410, 161 N. W. 446; *School Dist. v. Brown,* 2 Kan. App. 309, 43 Pac. 102; *School Dist. v. Western T. Co.* 5 Wyo. 185, 38 Pac. 122; *Capital Bank v. School Dist.* 1 N. Dak. 479, 48 N. W. 363.

O'Loughlin v. Dorn, 168 Wis. 205.

The same rule seems to be, impliedly at least, recognized in the case of *State ex rel. Gilbert v. Philipp,* 163 Wis. 613, 158 N. W. 331.

No question has been raised by appellant, nor can we find a foundation for any such in the record before us, but that the school district in July and August. 1911, had the lawful power to vote and provide a tax for a sum equal to the $2,250, the contract price of the building, if they had at that time so chosen to do instead of fixing the amount at the $1,700 which they did, without violating the provision of sec. 3, art. XI, Const., as it stood at the time, which limited the aggregate indebtedness of any such corporation to five per centum on the value of the taxable property therein. The burden, of course, would be upon the plaintiff in this case to have shown that such sum would have been in excess of such constitutional limitation. *Montpelier S. B. & T. Co. v. School Dist.* 115 Wis. 622, 92 N. W. 439. Assuming, therefore, the power in 1911, it was within the power of the electors of the school district in 1915 to ratify, approve, and make their own that which they might have lawfully done in 1911, namely, to fix and raise the amount of $2,250 for such school building instead of the $1,700, and when, as here, with a complete knowledge of what had been done, a formal acceptance of the building and its use by the school district, they lawfully ratified, approved, and confirmed the acts that might have lawfully been done in the first instance and thus created an obligation for the notes executed in June, 1915, as was found by the trial court. *Thomson v. Elton,* 109 Wis. 589, 85 N. W. 425; *McGillivray v. Joint School Dist.* 112 Wis. 354, 88 N. W. 310; *Monaghan v. School Dist.* 38 Wis. 100.

The distinction is clear between this case and those in which the act attempted to be ratified would have been absolutely beyond the power of the same body to do in the first instance and therefore void and incapable of ratification, as

in *Balch v. Beach,* 119 Wis. 77, 95 N. W. 132; *Glidden State Bank v. School Dist.* 143 Wis. 617, 128 N. W. 285.

Other questions raised by the appellant we do not deem it necessary to discuss.

· *By the Court.*—Judgment affirmed.