Filed June 15, 1892.

---

No. 15,890.

CALDWELL *v.* THE SCHOOL CITY OF HUNTINGTON ET AL.

STATUTE OF FRAUDS.—*Contract to be Performed within a Year.—School Superintendent.—Parol Contract.—Failure to Reduce to Writing.*—A board of school trustees, on the 24th day of May, 1887, by a resolution passed at a regular meeting, employed the plaintiff as superintendent of the public schools of the city from the 1st day of August, 1887, to the 31st day of July, 1888. He was notified of his election and accepted said employment, but the secretary of said board failed to make any record thereof. Afterward a new board repudiated the contract, and employed another superintendent. The plaintiff offered to perform the contract on his part, but was not permitted to do so, and suit was brought to recover the year's salary as fixed by the resolution.

*Held,* that the contract was within the statute of frauds, and that a simple failure or refusal to put the parol contract in writing did not create an exception to the statute.

*Held,* also, that the charge that the secretary "wilfully and purposely failed and refused as such secretary to make the record," is not equivalent to charging that the secretary fraudulently prevented the contract from being reduced to writing and signed by the party to be charged, and does not take the case out of the statute of frauds.

From the Allen Circuit Court.

*C. W. Watkins,* for appellant.

*H. B. Sayler, S. M. Sayler* and *J. M. Sayler,* for appellee.

MILLER, J.—The complaint alleges that the school board

of the school city of Huntington, on the 24th day of May, 1887, by a resolution passed at a regular meeting, employed the appellant as superintendent of the public schools of the city from the 1st day of August, 1887, to the 31st day of July, 1888; that he was notified of his election, and accepted such employment; that the secretary of the board wilfully and purposely failed and refused, as such secretary, to make the record of the employment; that the minutes of the meeting contained a resolution, but that the same is in the possession of the defendants, or has by them been destroyed or mislaid, so that a copy can not be filed with the complaint; that afterwards a new board of trustees repudiated the contract, and employed another superintendent. ·

The complaint shows that the appellant, at the commencement of the school year, offered to perform the contract on his part, but was not permitted to do so.

This action was brought to recover the year's salary, as fixed by the resolution of the board of school trustees.

A demurrer was sustained to the complaint, and this ruling presents the only question in the record.

The statute provides that no action shall be brought " Upon any agreement that is not to be performed within one year from the making thereof, unless the promise, contract, or agreement, upon which such action shall be brought, or some memorandum or note thereof, shall be in writing, and signed by the party to be charged therewith, or by some person thereunto by him lawfully authorized." Section 4904, R. S. 1881.

This contract, if such it was, having been entered into on the 24th day of May, for services to commence on the 1st day of August following, and continue for the period of one year, was within the statute, unless the resolution passed was a written contract or memorandum, or note thereof signed by the party to be charged, or unless the failure to record the resolution and proceedings of the board was such as to take the contract out of its operation.

It seems too clear for argument, that no contract or memorandum was *signed* by the party to be charged. The remaining question is, did the failure to enter the resolution and proceedings make an exception to the statute of frauds?

That a simple failure or refusal to put a parol contract in writing will not create an exception to the statute of frauds, was held in the well considered case of *Caylor* v. *Roe*, 99 Ind. 1. In that case, speaking of a summary of the case of *Glass* v. *Hulbert*, 102 Mass. 24, the following language pertinent to the case before us was quoted : "That it makes no difference whether the want of a writing was accidental or intentional, and that so long as the effect of the fraud or mistake extends no further than to prevent the execution, or withhold from the other party written evidence of the agreement, it does not furnish ground for the court to disregard the statute, and enter into the investigation of the oral agreement for the purpose of enforcing it."

In the complaint in this case the charge is made that the secretary " wilfully and purposely failed and refused, as such secretary, to make the record." This is far short of charging that the defendant fraudulently prevented the contract from being reduced to writing and signed by the party to be charged. It is, indeed, a question if the statute does not require that all contracts for the employment of teachers shall be in writing. *Fairplay School Tp*. v. *O'Neal*, 127 Ind. 95.

The court did not err in sustaining the demurrer to the complaint.

Judgment affirmed.

Filed June 14, 1892.