Filed Nov. 28, 1893.

---

No. 1,167.

### JACKSON SCHOOL TOWNSHIP v. SHERA.

CONTRACT.—*Common Schools.*—*Employment of Teacher.*—*Verbal Contract Valid.*—*Township Trustee.*—A verbal contract of employment as a teacher in the public schools, entered into by a township trustee and the teacher, is valid and binding, there being no statute requiring it to be reduced to writing.

INSTRUCTIONS TO JURY.—*Instruction Stating Ground of Recovery.*—*Omission of Essential Element.*—*Reversible Error.*—Where an instruction purports to set out all the material averments necessary to be proven in order to entitle the plaintiff to recover, it is fatal error to omit any such material averment.

From the Decatur Circuit Court.

*W. A. Moore* and *F. E. Gavin*, for appellant.

*S. A. Bonner*, *M. D. Tackett* and *B. F. Bennett*, for appellee.

DAVIS, C. J.—This was an action by the appellee to recover damages for breach of contract entered into between appellee and appellant, for services as a teacher in the public schools of said township.

The material allegations in the complaint are the same as in *School Town of Milford* v. *Zeigler*, 1 Ind. App. 138, with the exception that in the case cited the contract was in writing, and the action was against the school town, while this is against the school township.

The learned counsel for appellant, in a cogent brief, earnestly contend that the complaint is bad because the school township can not be held to respond in damages for the breach of an executory contract of this kind, when the corporation has received no benefit whatever, and cite, in support of this proposition, *Bloomington School Township, etc.*, v. *National School Furnishing Co.*, 107 Ind. 43; *Boyd* v. *Mill Creek School Township*, 114 Ind. 210; *Honey Creek School Township* v. *Barnes*, 119 Ind. 213; *Litten* v. *Wright, etc.*, 1 Ind. App. 92.

We heartily concur in the principles enunciated in those cases, but whatever our conclusion might be relative thereto, as applied to this case, it will suffice for the present to say that under the decisions of the Supreme Court, although the exact question here presented does not seem to have been considered, the liability of the school township for damages on account of the breach of such executory contract on the part of the trustee has been recognized. *School Town of Milford* v. *Powner*, 126 Ind. 528; *Reubelt* v. *School Town of Noblesville*, 106 Ind. 478.

It is also insisted that the contract was invalid because it was merely verbal, and should have been reduced to writing. No authority, however, has been cited which supports this proposition. The statute, so far as our attention has been called thereto, does not so provide. Sections 4444 and 5993, R. S. 1881.

In *Fairplay School Township* v. *O'Neal*, 127 Ind. 95, Judge ELLIOTT, in speaking for the Supreme Court, says: "It is, we may say in passing, not altogether clear that

the statute does not require that all contracts shall be in writing and be recorded, but we do not deem it necessary to decide that question.''

The learned judge does not cite any section of the statute or decision in support of the above dictum, and we are not prepared to say there is any statute in force that would bear such construction. The writer not only agrees with Judge ELLIOTT that ''There is much reason for scrutinizing with care contracts made so far in advance of the opening of the school year as was that here sued on, and sound policy requires that the terms should be so definitely fixed and made known that all interested may have full and reliable information,'' but is also of the opinion that sound policy requires that the law making power should prescribe that when the minds of the parties meet as to the terms of such contract, the same should be reduced to writing and signed before the school corporation shall be held liable in damages for the subsequent violation thereof by the officer. In the absence, however, of such statutory provision, we are of the opinion that the complaint states facts sufficient to withstand the demurrer.

One of the material allegations contained in the complaint is in substance and to the effect that said appellee ''held himself in readiness at all times during said school year to perform his said contract,'' etc.

The court undertook to instruct the jury as to the material averments of the complaint, and, after setting them out, said to the jury that if such facts were proven they should return a verdict in his favor. It omits entirely any reference to the allegation that the plaintiff was ready and willing to perform his contract of teaching the school. This is a fatal defect in the instruction.

It was incumbent on appellee to prove the contract,

the repudiation thereof by appellant, and the performance or readiness to perform the same on his part.

An instruction which purports to set out all the material averments necessary to be proven, in order to entitle the plaintiff to recover, must be correct and complete. *Kentucky and Indiana Bridge Co.* v. *Eastman,* 7 Ind. App. 514, 34 N. E. Rep. 835.

There are other errors in the record to which it is not necessary to call attention, as they may not arise on another trial.

For error in giving the instruction referred to, the judgment of the court below is reversed, with instructions to grant a new trial.

GAVIN, J., did not participate in this decision.

Filed Nov. 28, 1893.