McNOLTY, Respondent, vs. BOARD OF SCHOOL DIRECTORS OF THE TOWN OF MORSE, Appellant.

*January 31 — February 21, 1899.*

*Public schools: Employment of teacher: Contract.*

Under sec. 528, R. S. 1878 (providing for an executive committee of town boards of school directors, to consist of the president, vice president, and secretary), and sec. 529, as amended by ch. 297, Laws

of 1887 (providing that such committee shall employ such teachers as they deem necessary; that each contract shall be in writing, shall be signed by the teacher and by the president and secretary, and when completed shall be filed in the office of the town board of school directors), a contract signed by said president and secretary individually, without authority duly given by the executive committee, is not binding on the district.

APPEAL from a judgment of the circuit court for Ashland county: JOHN K. PARISH, Circuit Judge. *Reversed.*

This is an action against the school district by a school teacher to recover for five months' wages. The facts appearing upon the trial were that the plaintiff taught the defendant's school from September 1 to November 25, 1896, under a written contract, and was paid therefor. Just prior to the expiration of this term of service, the plaintiff claims that he had a talk with the secretary of the school board, and that the secretary promised that he should teach six months more if his teaching was satisfactory, and that after this talk the secretary made out a written contract for said six months, and that he saw said contract in the possession of the secretary, signed by the president and secretary, but that it was never delivered to him, and he never signed it. The president of the board denies signing any such contract, and the fact appears without dispute that the executive committee never considered the question as to the additional six months' service, and never ordered the making of any contract therefor. The plaintiff taught for one month after the expiration of his written contract, namely, up to the 21st of December, and was paid for that month, and a few days afterwards was discharged, and he brings this action to recover damages for the refusal to allow him to teach during the remaining five months. A motion for nonsuit was overruled, and a motion to direct a verdict for the defendant was denied, and exceptions duly taken to the rulings. A special verdict was rendered favorable to the plaintiff, which is not

McNolty vs. Board of School Directors of the Town of Morse.

necessary to be set forth in detail, and judgment rendered thereon for the plaintiff for $216.50, from which the defendant appeals.

For the appellant there was a brief by *Cate, Sanborn, Lamoreux & Park,* and oral argument by *B. B. Park.*

For the respondent there was a brief by *Tomkins & Merrill,* and oral argument by *Geo. F. Merrill.* They argued, *inter alia,* that if the contract was not properly executed, yet the board had ratified it by paying one month's salary and were estopped from denying it. *Athearn v. Ind. Dist.* 33 Iowa, 105; *Cook v. Ind. Sch. Dist.* 40 Iowa, 444.

WINSLOW, J. A verdict for the defendant in this case should have been directed, because there was no legal contract between the parties after-the expiration of the first three months of service. This school was operated under the township system, and the employment of teachers was in the hands of the executive committee, composed of the president, vice-president, and secretary of the town board of school directors. R. S. 1878, sec. 528. The manner in which a teacher's contract must be made is contained in sec. 529, as amended by Laws of 1887, ch. 297, as follows: " The executive committee shall employ so many qualified teachers as they shall deem necessary to give instruction in all the schools under the charge of the board. Each contract shall be in writing; shall be signed by the teacher and by the president and secretary; shall specify the wages per week, month or year agreed upon by the parties, and when completed shall be filed in the office of the secretary of the town board of school directors, with a copy of the teacher's certificate attached thereto." ·

It is familiar law that when a board of public officers is about to perform an act requiring the exercise of discretion and judgment the members must all meet and confer together, or must all be properly notified of such meeting, in

order to make the action binding. Individual and independent action, even by a majority of the members of the board, will not suffice. *Martin v. Lemon*, 26 Conn. 192; *School Dist. v. Baier*, 98 Wis. 22. In the present case, even conceding that the president and secretary of the town board of school directors individually signed a contract for the teaching of the school by the plaintiff for another six months, still no binding contract was made, because the executive committee never authorized such a contract, and the action of two of the three members of the committee would not be sufficient. This consideration seems to dispose of the entire case. There was never a contract made, except the three-months contract. The powers of school-district officers are limited, and can only be exercised as the statute provides, and the plaintiff is legally charged with notice of the extent of such powers and the manner in which they must be exercised.

*By the Court.*— Judgment reversed, and action remanded for a new trial..