MANTHEY, Respondent, vs. SCHOOL DISTRICT No. 6 OF THE TOWN OF COMMONWEALTH, Appellant.

*March 3 — March 20, 1900.*

*Schools: Contracts: Action by board.*

Under sec. 432, Stats. 1898 (providing that no act authorized to be done by the school board shall be valid unless voted at its meeting), a contract which was never authorized by any vote or at any meeting is void, although signed by all the members of the board.

APPEAL from a judgment of the circuit court for Florence county: JOHN GOODLAND, Circuit Judge. *Reversed.*

For the appellant there was a brief by *Max Sells*, attorney, and *A. W. Shelton*, of counsel, and oral argument by *Mr. Shelton*.

For the respondent the cause was submitted on the brief of *John O'Hara*.

WINSLOW, J. The plaintiff is a qualified school teacher, and brought this action to recover damages for the breach of a written contract alleged to have been made by her with defendant's school board to teach the district school for nine months, commencing September 13, 1897. There was no dispute in the material facts. The contract was in due form, and was signed by the director, treasurer, and clerk of the defendant district, and by the plaintiff, but was never authorized by any vote or at any meeting of the district board. The plaintiff taught six months, and was paid therefor by orders in the usual way, but was then discharged by the board. A verdict for the plaintiff for the amount of damages shown on account of the refusal to allow her to teach for the remaining three months was directed, and judgment rendered on the verdict.

It is clear that the verdict was wrongly directed. The case is identical in its essential facts with the case of *McNolty v. School Directors*, 102 Wis. 261, and is ruled thereby. The board could only make the contract in the manner provided by sec. 432, Stats. 1898. That section provides that "no act authorized to be done by the board shall be valid unless voted at its meeting." The alleged contract in this case was therefore void, and no rights can be based upon it.

*By the Court.*— Judgment reversed, and action remanded for a new trial.