HEMINGWAY, Respondent, vs. JOINT SCHOOL DISTRICT
No. 1 OF THE TOWNS OF OAK GROVE AND HUBBARD AND
THE CITY OF HORICON, Appellant.

*May 14—May 29, 1903.*

*Schools and school districts: Contracts with teachers: Authority of
board: Stare decisis.*

Acting under sec. 438, Stats. 1898 (providing that the school
district board shall contract with qualified teachers, specify in
the contract the wages per week, month or year to be paid, and
when completed file the contract, with a copy of the certificate
of the teacher so employed attached thereto, with the clerk),
and sec. 430 (providing that the voters at the annual school
district meeting shall have power to determine the length of
term a school shall be taught in their district the then ensu-
ing year, which shall not be less than six months, and whether
such school shall be taught by a male or female teacher, or
both, and whether the school money to which the district shall
be entitled from the school fund income and from the town
shall be applied to the support of the summer or winter school
or a portion to each, but if such matters shall not be de-
termined at the annual meeting, the district board shall de-
termine the same), the district board, on June 13, duly entered
into a written contract with plaintiff, a qualified school teacher,
to teach its high school for the ten months commencing Sep-
tember 4, next. At the annual school meeting held on the in-
tervening July 3, a resolution was passed directing the district
board to cancel the contract with the plaintiff, and employ an-
other teacher. Plaintiff, when notified of the action of the an-
nual meeting, refused consent thereto, and attempted to carry
out the contract on September 4, but was prevented from so
doing by defendant's officers, and expelled from the school
building. *Held*, that the power of the district board to con-
tract with plaintiff was general, and (in the absence of contrary
directions by the voters at the last annual meeting upon the
special subjects prescribed by said sec. 430, and subject to their
power at the next meeting, or of the new board, to determine
with respect to such special subjects), the school district was
liable to plaintiff for breach of the contract made by the dis-
trict board.

APPEAL from a judgment of the circuit court for Winnebago county: GEO. W. BURNELL, Circuit Judge. *Affirmed.*

This is an action brought by a school-teacher to recover damages for breach of a contract of employment. Trial by jury was waived, and the case tried by the court. The facts are not in dispute, and, as found by the court, were in substance as follows: The defendant is a duly organized school district, maintaining a free high school. In 1899 the plaintiff was a qualified school-teacher, and eligible to the position of principal of the high school. June 13, 1899, the district board of the defendant school district entered into a written contract in due form with the plaintiff, by which the plaintiff agreed to teach the free high school of the district, as principal thereof, for ten months, commencing September 4, 1899, and the defendant agreed to pay the plaintiff $95 per month. At the annual school meeting of the district held July 3, 1899, a resolution was passed directing the district board to cancel the contract with the plaintiff and employ another teacher. The plaintiff was notified of this action, but refused to consent to the cancellation of the contract; and on the morning of September 4, 1899 (being the morning on which the fall term of school opened), he was present at the schoolhouse, and insisted on carrying out his contract, but was prevented from so doing by the defendant's officers, and expelled from the building. The plaintiff used due diligence in finding other employment, and necessarily expended $56 in searching for other employment, and succeeded in earning thereby $488.25 during the ten months. The court concluded that the contract was valid and binding, and that the action of the district meeting in attempting to cancel the same was void, and that the contract had been breached by the refusal of the district to allow the plaintiff to perform the same, and that the plaintiff was entitled to recover the difference between the contract price and the amount which he had been able to earn elsewhere, to wit, $590.37. Judgment

was rendered for the plaintiff for this amount and costs, and the defendant appeals.

*M. L. Lueck,* attorney, and *H. K. Butterfield,* of counsel, for the appellant.

For the respondent there was a brief by *Sawyer & Sawyer,* and oral argument by *E. W. Sawyer.*

WINSLOW, J.   In this case the district board in June entered into a contract in due form with a qualified teacher to teach the school for the next school year, which did not begin until after the annual district meeting in July; and the district meeting assumed to cancel the contract, and the question is whether it had that power.

Our statute (sec. 438, Stats. 1898) provides, in general terms:

"The board shall contract with qualified teachers, specify in the contract the wages per week, month or year to be paid, and when completed file the contract, with a copy of the certificate of the teacher so employed attached thereto, with the clerk."

Sec. 430 of the same statutes also provides that the voters at the annual school district meeting shall have power "to determine the length of time a school shall be taught in their district the then ensuing year, which shall not be less than six months, and whether such school shall be taught by a male or female teacher, or both, and whether the school money to which the district shall be entitled from the school fund income and from the town, shall be applied to the support of the summer or winter school or a certain portion to each, but if such matters shall not be determined at the annual meeting, the district board shall determine the same."

The appellant contends that these provisions clearly indicate that the legislative intent was to limit the powers of the district board in making contracts with teachers to the current year, or at least to limit the board to contracts commencing during the current year, and that they have no power, as

against the will of the voters, expressed at the annual meeting, to make a contract which is not to begin until the next school year. The powers given to the voters at the annual school meeting tend quite strongly to sustain this contention, and, were the question a new one in this court, we should experience considerable difficulty in avoiding the conclusion. The question is not a new one, however. In *Webster v. School Dist. No. 4,* 16 Wis. 316, the same question was presented, under statutes substantially the same as those above cited; and it was held that the power of the board to contract was general, in the absence of an inconsistent determination of the voters at the last annual meeting, and subject to their power at the next (or of the new board) to determine with respect to the length of time a school should be taught, whether by a male or female teacher, or both, and the application of the school moneys. In that case it was, in effect, decided that such a contract was valid and binding unless the voters at the annual meeting, or the new board in case of neglect of the voters, give contrary directions upon the special subjects prescribed by the statute, to wit, the sex of the teacher, the length of the school year, and the application of the school moneys. The fact that in that case the contract was partly performed during the current school year, and extended into the next school year about a month, makes no difference with the principle. This decision was made more than forty years ago, and has doubtless been frequently acted on since that time. The legislature has not seen fit to materially change the statute during that time, and has apparently acquiesced in the construction so given to it by the court. Under the circumstances, we do not feel that it should now be overruled. It is a persuasive case for the application of the rule of *stare decisis.*

*By the Court.*—Judgment affirmed.