PEARSON, Respondent, vs. SCHOOL DISTRICT NUMBER 8 OF
THE TOWN OF GREENFIELD, MILWAUKEE COUNTY, WIS-
CONSIN, Appellant.

*January 10—January 31, 1911.*

*Schools and school districts: Oral contract with teacher: Validity.*

1. A school district board has no power to contract with a teacher
   otherwise than as provided by the statute.
2. An oral contract made by a school district board with a teacher
   is valid in the absence of any statutory requirement that it be
   in writing.
3. The provision in sec. 438, Stats. (1898), that the contract with a
   teacher, with a copy of the teacher's certificate attached thereto,
   shall be filed with the clerk, is directory only, relating to a de-
   tail of the keeping of a record, and does not preclude the mak-
   ing of a valid oral contract.
   MARSHALL, J., WINSLOW, C. J., and BARNES, J., dissent.

APPEAL from a judgment of the circuit court for Milwau-
kee county: W. J. TURNER, Circuit Judge. *Affirmed.*

This action was brought to recover damages for breach of
contract. The plaintiff was a duly qualified teacher in Mil-
waukee county, Wisconsin, and the defendant a duly organ-
ized school district. The plaintiff's complaint is based upon
an alleged contract with the defendant to teach its school for
one year and that the defendant breached the contract, in con-
sequence of which plaintiff sustained damages. The defend-
ant claims that the contract was void because not in writing.
The jury returned the following verdict:

"(1) Did the school board at a meeting lawfully convened,
at which all members were present, authorize the employment
of the plaintiff as the teacher of the district school in the de-
fendant's district for the school year of 1907? *A.* Yes.

"(2) Did the clerk of said school district, pursuant to the
authority as stated in question No. 1, make a proposition to
the plaintiff to teach said district school for the school year
1907 on the same terms and conditions as contained in the

written contract between the plaintiff and defendant for the year 1906 ?   *A.* Yes.

"(3) If you answer question No. 2 'Yes,' then: Did the plaintiff accept said proposition ?   *A.* Yes.

"(4) If you answer questions Nos. 2 and 3 in the affirmative, was said agreement reduced to writing?   *A.* (by the court).   No.

"(5) If you answer questions 2 and 3 in the affirmative, was the agreement between the parties revoked by mutual consent ?   *A.* No.

"(6) If you answer questions Nos. 2 and 3 in the affirmative, was the conduct of the plaintiff thereafter such as to justify the defendant in reasonably inferring that the plaintiff withdrew from the contract ?   *A.* No.

"(7) If the court shall be of the opinion that the plaintiff is entitled to recover, at what sum do you assess her damages ?   *A.* $327.52."

The court on defendant's motion refused to change the answers in the special verdict and ordered judgment for plaintiff.   Judgment was entered accordingly, from which this appeal was taken.

The cause was submitted for the appellant on the brief of *Froede & Bodenstab,* and for the respondent on that of *Otjen & Otjen.*

The following opinion was filed January 31, 1911:

KERWIN, J.   The only question here is whether the contract alleged to have been made between the plaintiff and defendant is valid.   That question turns upon whether sec. 438, Stats. (1898), requires the contract to be in writing.   The contract by its terms was to be performed within one year from the time of making thereof.   But it is argued by counsel for appellant that the district board is required to strictly follow the statute, and that it has no power to contract otherwise than as provided by the statute.   This may be granted, and the question then arises whether the board in making the alleged contract did follow the statute.   It is established with-

out dispute that it did, unless it was necessary under the provisions of the statute that the contract be in writing in order to bind the defendant.    Counsel for appellant relies on *McNolty v. Board of School Directors,* 102 Wis. 261, 78 N. W. 439, to the point that "the powers of school district officers are limited, and can only be exercised as the statute provides, and the plaintiff is legally charged with notice of the extent of such powers and the manner in which they must be exercised." But the case does not reach the point here.    In that case it was established that the statute had not been complied with. Here it has been strictly complied with if it was not necessary that the contract be in writing, and it is not necessary unless the statute so provides.    The statute reads:

"The board shall contract with qualified teachers, specify in the contract the wages per week, month or year to be paid, and when completed file the contract, with a copy of the certificate of the teacher so employed attached thereto, with the clerk.    No contract with any person not holding a diploma or certificate authorizing him to teach shall be valid; and all such contracts shall terminate if the authority to teach expire by limitation and be not renewed or be revoked."    Sec. 438, Stats. (1898).

Appellant relied upon the provision, "and when completed file the contract, with a copy of the certificate of the teacher so employed attached thereto, with the clerk," and contends that no other conclusion can be drawn from this provision than that it means that the contract must be in writing.    But the statute does not say that the contract must be in writing, and the court cannot read into the statute provisions not found there for the purpose of rendering an oral contract, otherwise unobjectionable, void because not in writing, in the absence of express statutory requirement.    An oral contract by a school teacher with a municipality or school district is valid in the absence of requirement that it be in writing.    *Roberts v. Clay City,* 102 Ky. 88, 42 S. W. 909; *Jackson School Tp. v. Shera,* 8 Ind. App. 330, 35 N. E. 842.    The provision relied upon by appellant is at best only directory.    2 Lewis's

Sutherland, Stat. Constr. (2d ed.) § 611 (447); *McShane v. School Dist.* 70 Mo. App. 624, 628; *Bladen v. Philadelphia,* 60 Pa. St. 464. It is a detail respecting the keeping of a record, and not a limitation on the power to make an oral contract. If the legislature intended that such a contract should be void if not in writing it would have so declared, as is obvious from other statutory provisions. Statutes in this state rendering contracts void because not in writing expressly so provide. Secs. 2302, 2304, 2307, 2308, Stats. (1898). Also we find by the terms of sec. 529, Stats. (1898), respecting township system of school government, which does not apply to the instant case, an express provision that the contract shall be in writing. Sec. 432, Stats. (1898), provides that the director, treasurer, and clerk shall constitute the district board, and further provides how meetings shall be held and that no act authorized to be done shall be valid unless voted at its meeting. Here the board did meet and vote to hire the plaintiff, who was a qualified teacher holding a diploma or certificate, and specified the wages to be paid and the term of service. The plaintiff accepted the terms and assented to the proposition of the defendant. This constituted a good contract at common law, and must be upheld unless the statute changes the rule of the common law. It needs no citation of authority to the point that statutes in derogation of the common law must be strictly construed. Courts cannot by judicial construction read into statutes provisions not found there for the purpose of changing the rules of the common law.

It follows, therefore, that the contract in question was valid.

*By the Court.*—The judgment of the court below is affirmed.

The following opinion was filed February 15, 1911:

MARSHALL, J. (*dissenting*). In my judgment the conclusion reached in this case is clearly wrong.

At the outset it is conceded that the validity of the contract

depends on whether the statute was strictly followed. That concession was unavoidable since this court, in terms or effect, has so held, notably in *McNolty v. Board of School Directors,* 102 Wis. 261, 78 N. W. 439. There it was held that school district officers can only make a valid contract with a teacher by complying strictly with the statute. That was later emphasized in *Manthey v. School Dist.* 106 Wis. 340, 82 N. W. 132, the court adjudging a contract, so called, void for failure to so comply. We need not pursue this branch of the case. The principle is elementary. The only fault I find with the majority opinion in respect thereto is that it was not emphasized and given controlling dignity instead of being merely conceded for the occasion and as a basis for the logic indulged in.

Now as to the logic. The first infirmity is failure to appreciate that by the common law, as we speak of it ordinarily, contracts with municipalities to be valid were required to be in writing. That is so familiar I will not suggest need of supporting it by referring to authorities. It is only in recent times, the common law has been modified so as to enable public contracts to be made in parol. Such being the case the rule of construction referred to by the court was improperly applied.

True, a statute in derogation of the common law, generally speaking, is to be strictly construed against change in established conditions. But that does not suggest that every such statute is to be construed. It means only that where, under all the circumstances, the statute is reasonably open to two constructions, one not changing established rules of conduct is to be preferred to another equally or less reasonable which does. Under no circumstances does it justify construing a statute which is not ambiguous for the purpose of avoiding its obvious effect, or to such end adopting any meaning which cannot be sanctioned by reason and common sense. Above all, it obtains rather with reference to the common law of England

supplemented for this country by such portions of the written law of the mother country as were, by the unwritten method, adopted here, not with reference to mere modern unwritten departures therefrom. Moreover, such dignity as the rule has, which seems to have been the chief reliance of the court, should have led to the opposite result from the one reached, since, as stated, a statute requiring such a contract as the one in question to be in writing to be valid, would be in strict harmony with the old common law.

The second infirmity with the court's logic is in assuming that the statute in question is ambiguous. The reasoning seems to carry the idea that a statute is necessarily uncertain and so open to construction if anything material is expressed otherwise than unmistakably in the letter. That is contrary to a very familiar rule,—one many times declared and applied, and very recently. Those things which are necessarily implied in a writing are a part of the same as if clearly expressed in the letter. I will not take time to refer to authorities in support of such a familiar proposition. The logic of this opinion I aim to base on principles too familiar to warrant extending the length of it by citations.

Starting with the false premises mentioned, viz.: (a) that the common law formerly did not require a public contract to be in writing, therefore that the statute should be strictly construed in harmony therewith; (b) that such statute is ambiguous; and we might well add (c) that if open to construction it can reasonably be read as not requiring the contract to be in writing,—it was not difficult for the court to concede for the purposes of the case, that the agreement in question is void, if the statute requires such to be in writing, and yet hold it valid.

Conceding, says the court in substance, that under *McNolty v. Board of School Directors,* 102 Wis. 261, 78 N. W. 439, the contract is void if the statute was not strictly complied with, the statute was so complied with here "if it was not necessary

that the contract be in writing, and it is not necessary unless the statute so provides. The statute reads: 'The board shall ·contract with qualified teachers, *specify* in the contract the wages per week, month or year to be paid, *and when completed* file the contract, with a copy of the certificate of the teacher so ·employed attached thereto, with the clerk,' " etc. Sec. 438, Stats. (1898).

How one could face that language in quoting it and yet conclude that it does not require the contract to be in writing, passes my comprehension. In this matter I mean no disrespect to my brethren who concurred in the opinion, but I must, in order to do my full duty in writing this dissent, say I cannot understand the logic. After quoting, the court proceeded: "Appellant relied upon the provision 'and when completed file the contract, with a copy of the certificate of the teacher so employed attached thereto, with the clerk,' and contends that no other conclusion can be drawn from this provision than that it means that the contract must be in writing. But the statute does not say that the contract must be in writing." Why, pray, does the statute not say the contract must be in writing? Does the court mean that the only way the lawmaking power could so say would be to use the word "writing?" Can it be that the court means, if a statute is so framed that it cannot by any possibility be complied with unless the thing required is done in a particular way, that it yet does not unambiguously command accordingly? If so, what is to become of the supposed rules of logic by means of which truths are presented, as we are taught, in the aspect of demonstration? We cannot think the language of the court at this point was used with due consideration. Why did not counsel rightly contend that no other conclusion can be drawn from this provision than that it means that the contract must be in writing? Does not the statute which requires a chattel mortgage to be filed with the town clerk in order to be binding, except as between the parties, require it to be in writing in order

to be binding on a third person? If parties contract subject to a termination of the agreement by service of a notice thereof by mail, does not the agreement require the notice to be in writing? The impossibility of a negative answer being correct to either question, it seems, suggests the proper one. The statute requires the contract to have "attached thereto" the teacher's certificate. How could such a certificate be attached to a verbal contract? It requires certain things to be "specified in the contract." It requires the contract when completed with a copy of the certificate of the teacher to be filed. How can a verbal contract be filed in a public office? No one of those things, particularly the first and the last, could possibly be done without the contract being in writing. That seems as certain as that two things, each of which is equal to a third, are equal to each other.

Is that not unanswerable? Am I not justified in my astonishment, as I view the quotation of the statute, followed by the court's conclusion that a written contract is not required thereby? Facing the pains the court must have taken with its logic before venturing to ground a judgment upon it, and at the same time the aspect of the statute as seen by me, dominated strongly as I am by respect for the views of my brethren, if I stood alone I might tend to fall into uncertainty as to whether the mental compass, ordinarily enabling me to comprehend common forms of expression pretty clearly, has been dependable in the particular situation.

Proceeding, the court says, reasoning from absence of the word "writing" from the statute: "The court cannot read into the statute provisions not found there for the purpose of rendering an oral contract, otherwise unobjectionable, void because not in writing, in the absence of express statutory requirement." Here again I do not understand. Was it intended that counsel for appellant, or any one, thought of reading into the statute any provision for any purpose, much less to render a contract void? Is the common thing of read-

ing out of the statute the idea thought to be there by necessary inference an attempt to read into the statute anything not there? Was the intention that a statute could not expressly require a contract to be in writing in any other way than by using the word "writing"? But I will not pursue this further. I leave it believing that enough has been said, if anything were required other than to merely point to the plain language of the statute, to show that it expressly requires such contracts as that in question to be in writing as plainly as that could be done.

If the statute were ambiguous and so open to construction no argument is needed to show that the same result would be reached as before. First, formerly such contracts, as we have said, were required to be in writing; second, public policy so requires, for which reason courts have leaned to the view that the written law so commands where either language to that effect is used or the law cannot be executed otherwise than by reducing the contract to writing; third, because by practical construction of the statute for half a century or more, if construction were required, it commands such contracts to be in writing.

The foregoing second proposition could be well illustrated by reference to many adjudications. We will refer to two only. In Indiana the statute does not require, specifically, things to be done respecting such contracts which can only be done by reducing the agreement to writing, but does, as a part of the prescribed duties of the keeper of the official records, use language indicating that it includes contracts with teachers, though not mentioning them. The latter provision is widely separated from the one relating to the contracting power. Judge ELLIOTT, speaking for the court in *Fairplay Tp. v. O'Neal,* 127 Ind. 95, 26 N. E. 636, said:

"It is . . . not altogether clear that the statute does not require that all contracts shall be in writing . . . but we do not deem it necessary to decide the question."

The context shows, clearly, that, had it been necessary to decide the question, the contract would have been declared void. The learned judge referred to sound public policy as governing the matter, clearly indicating a judicial view that in case of such a statute being open to construction, that meaning should be adopted which would require the contract to be in writing.

*Jackson School Tp. v. Shera,* 8 Ind. App. 330, 35 N. E. 842, to the effect that a contract of the sort under consideration is valid unless the statute requires it to be in writing. In connection with that, we may say in passing, the judge who wrote the opinion freely conceded that such a contract is void where the statute commands it to be in writing without any declaration to that effect, and agreed with Judge ELLIOTT that "sound public policy requires that the lawmaking power should prescribe that when the minds of the parties meet as to the terms of such a contract, the same should be reduced to writing," and in spirit suggested that when the legislature manifests such policy with reasonable clearness, though not in the plainest words of command, sound judicial policy requires the court to give effect thereto. The trouble there was that in the provision relating to the power to contract nothing was said suggesting a writing. Notwithstanding such situation the Indiana supreme court again referred to the matter in *Caldwell v. School City of Huntington,* 132 Ind. 92, 31 N. E. 566, saying: "It is, indeed, a question if the statute does not require that all contracts for the employment of teachers shall be in writing."

In support of the proposition that practical construction of the statute is contrary to the court's conclusion I appeal to common knowledge that such contracts have always been supposed to be required thereby to be in writing, and that the state superintendent of schools has so administered the law. The school code, officially published and distributed for the guidance of school officials, has, from the first edition pub-

lished many years ago, contained a form of contract with suggestive features for its execution referring to the section of the statutes under consideration.

It is said that in case of a legislative purpose that a contract shall be void unless in writing, the statute so declares. No authority is cited to that as to public contracts, and I venture to say there is none. The authorities are at least substantially, if not universally, the other way as to decided cases and elementary works as well. *Perkins v. Ind. School Dist.* 99 Mo. App. 483; *Head v. Providence Ins. Co.* 2 Cranch, 127; *Wade v. Newbern,* 77 N. C. 460; *Logansport v. Blakemore,* 17 Ind. 318; *Starkey v. Minneapolis,* 19 Minn. 203; *Aurora W. Co. v. Aurora,* 129 Mo. 540, 31 S. W. 946; *Crutchfield v. Warrensburg,* 30 Mo. App. 456; *McDonald v. Mayor, etc.* 68 N. Y. 23; *Stuart v. Cambridge,* 125 Mass. 102; 1 Smith, Modern Law of Corp. § 263; 1 Beach, Pub. Corp. § 253; Dillon, Mun. Corp. § 373; *Terry v. Board of Ed.* 84 Mo. App. 21; 35 Cyc. 957; 20 Am. & Eng. Ency. of Law (2d ed.) 1164.

In all these authorities it is held that where the statute requires public contracts to be in writing one otherwise made is void. Many instances will be found where recovery after performance even on a *quantum meruit* was denied. Nowhere is it suggested, at least in any well considered case, that a contract not made in compliance with the statute is nevertheless valid, unless declared by the written law to be void. A distinction is made in the books between a conferred power, as in case of that of a municipality to contract, and a regulated power such as that to make contracts in general. In the latter failure to comply with the statutory regulations not expressly declared in the statute to be fatal, in some cases is held to render the agreement void and in others not, according to the supposed legislative purpose, but as to the former the extent of the power itself is measured by the terms of the statute including those in regard to its execution. So where

the statute requires a public contract to be in writing the power to contract is conditioned, necessarily, upon its being exercised in the manner indicated.    Such is the philosophy of the law as it will be universally found stated, I venture to say, in the books.

The court seems to have overlooked the foregoing or would not have so easily engrafted upon our system the novel idea that a public contract required by statute to be in writing need not necessarily be made that way in order to be valid, referring to secs. 2302, 2304, 2307, and 2308 of the statutes relating to contracts in general respecting real estate and contracts within the statutes of frauds which I must say have no application to the subject under discussion.

Attention is called in the court's opinion to sec. 529, Stats. (1898), relating to contracts with teachers under the township system, which requires them to be in writing.    True, but such section does not provide that such contracts shall be void unless in writing, so by the logic of the court that result would not follow from a failure to obey the law.    Again it must be remembered that section is new as compared with the one under discussion.    It was adopted in the light of over twenty years of administration of the latter and was worded substantially the same as that had always been understood and evidently with the intention of including the same essentials as were embodied in the old statute.

The closing part of the court's opinion seems to be a key to the whole.    There the idea with which the opinion opens is reiterated and emphasized, i. e. that the statute is in derogation of the common law and so a strict construction should be resorted to avoiding any change if possible.    The force of the rule, as we have seen, where applicable at all is not to the extent suggested, while the trend of judicial thought is rather toward a construction of the written law requiring public contracts to be in writing than otherwise, in harmony with the ancient common law.    The misconception as to that and fail-

ure to distinguish between adjudications respecting contracts in general and public contracts, and the basis thereof, in that the latter involves power by grant and the former power by natural right which the written law merely regulates, led naturally to the result from which I dissent. I have no fear but that the departure from principle will be rectified at the first good opportunity. The looseness in public affairs which the decision sets a mark for in the particular field may be easily avoided by legislative action.

Winslow, C. J., and Barnes, J. We concur in the foregoing.