BUTLER, Appellant, vs. JOINT SCHOOL DISTRICT No. 4 OF THE TOWN OF WINDSOR AND VILLAGE OF DE FOREST, Respondent.

*January 15—February 3, 1914.*

*Schools and school districts: Primary department: What grades included: School board: Informal meeting.*

1. The primary department of a public school does not include the sixth, seventh, and eighth grades, and one who contracts to teach the primary department cannot be required to teach said grades in their grade work, even though the classes be sent to the primary room.
2. When all the members of a school board are present, official action may be taken although the meeting be not formally called or the action formally recorded in the minutes.

APPEAL from a judgment of the circuit court for Dane county: E. RAY STEVENS, Circuit Judge.    *Reversed.*

Action to recover damages for breach of contract.    The evidence of plaintiff showed that she was a duly qualified school teacher and entered into a written contract with the defendant school board in July, 1912, to teach "the primary department of the state graded school of said district" for the school year commencing September 9, 1912, for the sum of $55 per month; that she taught one day and was required by the principal, in addition to her primary work, to instruct classes from the sixth, seventh, and eighth grades in the work

of their respective grades, which classes were sent down to the primary department from the intermediate and grammar departments, and that she taught the said classes on that day, but declined to do so in the future unless she received extra compensation, because she had not contracted to do such work. The evidence further tended to show that an informal meeting of the district board was held on the same evening at which all the members were present and the subject was considered, and it was agreed by all the members, in substance, that the plaintiff was required, under her contract, to teach the classes so sent to the primary department without extra pay, and that she should be notified by Mr. Karow (one of the board) of the action; that she was so notified on the same evening; that she declined to teach further on account of this requirement, but notified the board that she was ready and willing to teach the primary grades; that she received her pay for one day's teaching, and taught no more on account of the requirement that she must teach the aforesaid higher grades. There was also evidence of substantial damage suffered by reason of her being deprived of employment, but it is unnecessary to state it. The circuit court nonsuited the plaintiff at the close of her evidence, and the plaintiff appeals.

For the appellant there was a brief by *Anna B. Hull,* attorney, and *D. W. McNamara,* of counsel, and oral argument by *Mr. McNamara.*

For the respondent there was a brief by *Ollis, Nelson & Bushnell,* and oral argument by *R. N. Nelson.*

WINSLOW, C. J. The legal propositions decided in this case are:

1. The primary department of a public school does not include the sixth, seventh, and eighth grades, and one who contracts to teach the primary department cannot be required to teach said grades in their grade work, even though the classes be sent to the primary room. If there was any doubt as to

what grades in our school system are primary grades that doubt is removed by sec. 452c, Stats. 1913, which names the first four grades as such grades.

2. The evidence was sufficient to take to the jury the question whether the board prevented the plaintiff from proceeding to fulfil her contract to teach the primary department. When all the members of the board are present, official action may be taken although the meeting be not formally called or the action formally recorded in the minutes.

*By the Court.*—Judgment reversed, and action remanded for a new trial.

