SCHAUT, Respondent, vs. JOINT SCHOOL DISTRICT No. 6
    OF THE TOWNS OF LENA AND LITTLE RIVER, Appel-
    lant.

*September 14—October 12, 1926.*

*Schools and school districts: Power of district to make contracts:
    Transportation of children: Compensation: Oral contract:
    Validity.*

1. A contention that an action to compel a school district to pay
    compensation for the transportation of plaintiff's children to
    and from school was prematurely begun is *held* unavailable
    in the absence of a timely plea in abatement, and because it
    appears that the school board had acted unfavorably on plaint-
    iff's claim. p. 105.
2. Sub. (4) (e), sec. 40.16, Stats., making the decision of the
    state superintendent as to the character and sufficiency of
    school transportation final, does not confer on him authority
    to exercise judicial power and determine controversies in re-
    gard to the legal rights of the parties. p. 105.
3. A school district is a *quasi*-municipal corporation with very
    limited power, and is authorized to make such contracts as
    are prescribed by the statute and none other. p. 107.
4. Statutes which confer a new right, privilege, or immunity, and
    prescribe a mode for the acquisition, preservation, enforce-
    ment, or enjoyment thereof, are mandatory, and must be
    strictly complied with. p. 108.
5. Under sub. (2) (a), (b), sec. 40.16, Stats., providing that con-
    tracts for the transportation of school children must be in
    writing, plaintiff was not entitled to recover compensation
    where there was no written contract. p. 108.
6. Where there is no ambiguity, uncertainty, or doubt about the
    meaning of a statute, it admits of no construction, and the
    court must apply it as written. p. 108.

APPEAL from a judgment of the circuit court for Oconto
county: W. B. QUINLAN, Circuit Judge. *Reversed.*

This is an action to compel the defendant to pay to the
plaintiff $82.70 as compensation for the transportation of
the plaintiff's children to and from school. The action
was originally brought in justice court and on appeal was
tried *de novo* in the circuit court. Only one issue was

submitted to the jury, to wit: whether the transportation furnished was safe, comfortable, and convenient. The jury found in favor of the plaintiff and judgment was entered accordingly, from which the defendant appeals.

For the appellant there was a brief by *Classon, Whitcomb & Kuzenski* of Oconto, and oral argument by *Walter F. Kuzenski.*

For the respondent the cause was submitted on the brief of *Classon & O'Kelliher* of Oconto.

ROSENBERRY, J. The defendant contends that there was error in the following respects: (1st) that the court erred in overruling the objection that the cause of action ·was prematurely begun; (2d) that the court erred in assuming jurisdiction when the statutes provide that appeal shall be made to the state superintendent; (3d) that the court erred in excluding evidence offered by the defendant; and (4th) that the evidence does not sustain the verdict.

It is conceded that the plaintiff resides more than two miles from the school house and that there is no written contract for transportation of the pupils. In response to the defendant's first contention it is sufficient to say that no timely plea in abatement was filed as the law required. *Lombard v. McMillan,* 95 Wis. 627, 70 N. W. 673.

It also appears from the evidence in the case that the school board had acted upon plaintiff's claim unfavorably. Sec. 40.255, Stats., provides that "No action shall be maintained against a school district board upon any claim until the claimant shall first present his claim to such board and it is disallowed in whole or in part."

The defendant's second contention is that under the provisions of sub. (4) (e), sec. 40.16, the court had no jurisdiction to try the case. That section provides: "In case of differences concerning the character and sufficiency of the transportation carried out in any district, the state super-

intendent shall have power to determine such matters by appeal or otherwise, and his decision shall be final."

This section was not intended to and does not and could not confer upon the state superintendent of public instruction authority to exercise judicial power. If there is a claim that the district provides improper or insufficient transportation, such a matter may be determined by the superintendent, but such power gives him no authority to determine controversies in regard to the legal rights of parties.

The principal contention of the defendant and the one mainly relied upon here is this: there having been no written contract, there can be no recovery under the terms of the statute.

"Sec. 40.16 (2) (a) The board of any school district, when . . . required by law to provide transportation shall enter into written contracts in the name of the district, with the parents or guardians or other persons for transporting . . . of all who are entitled to transportation. Such contracts must be in writing and must provide that the children shall be actually transported in a safe and comfortable manner with suitable protection against cold and stormy weather."

"(b) In case it is the intention of the parent or guardian to transport . . . his children, it is his duty to notify the district board of his plans and to enter into the written contract prior to beginning transportation."

The plaintiff notified the defendant in this case that he proposed to transport his children. There were negotiations between the plaintiff and defendant and a proposed contract was submitted by the defendant to the plaintiff. This proposed contract contained, in addition to the requirements provided by statute, the provision that the children should reach school before 9 o'clock a. m. every morning. Plaintiff refused to sign such a contract, claiming that it was practically impossible, in case of storm and inclement

weather, to contract to convey the children to school so that they would be there every morning before 9 o'clock.

As has been many times held by this court, a school district is a *quasi*-municipal corporation with very limited power. The statute provided what the contract should contain, and the school district board was authorized to make such a contract and no other. While their effort to require prompt and regular attendance was a worthy one, the law required no such clause to be in the contract. The trial court was of the opinion, under the doctrine laid down in *Pearson v. School Dist.* 144 Wis. 620, 129 N. W. 940, that the school district board having prevented the execution of the contract and the transportation which the law required the district to furnish having been furnished, the plaintiff might recover from the district for the service thus rendered.

*Pearson v. School Dist., supra,* was an extreme case in which it was held that, although a contract was required to be filed in the office of the clerk, the statute did not require the contract to be in writing. The court said:

"It [referring to the filing] is a detail respecting the keeping of a record, and not a limitation on the power to make an oral contract. If the legislature intended that such a contract should be void if not in writing it would have so declared, as is obvious from other statutory provisions."

There is, however, one fundamental distinction between this case and the case of *Pearson v. School Dist.* The plaintiff in that case rendered services for which, in the absence of the statute, she would have been entitled to compensation. In this case the services which the plaintiff rendered in the transportation of his own children to attend school were services for which, in the absence of the statute, he was not entitled to compensation. It is a funda-

mental rule that where statutes confer a new right, privilege, or immunity and prescribe a mode for its acquisition, preservation, enforcement, or enjoyment, such statutes are mandatory and must be strictly complied with, and where the statute provides the manner and form in which the right to be enjoyed may be acquired, such provisions are likewise mandatory, and if not complied with no right exists. 2 Lewis' Sutherland, Stat. Constr. (2d ed.) § 632 and cases cited; *Wilcox v. Porth,* 154 Wis. 422, 143 N. W. 165.

The statute in this case provides that the contract "must" be in writing. We do not know what led the legislature to use this imperative language. It could scarcely be in more mandatory form. No doubt difficulties of administration in cases where contracts were not in writing led to its adoption. It may be that the result of cases such as this one, where the parent has made a good-faith attempt to bring about the execution of a proper contract, which effort the board rendered abortive, were not foreseen. If the statute operates in a harsh and unreasonable manner, the remedy lies in an appeal to the legislature.

There is no ambiguity, uncertainty, or doubt about the meaning of the statute, therefore it admits of no construction, and we must apply it as written. It is not necessary for us to consider other questions raised.

*By the Court.*—Judgment appealed from is reversed, with directions to dismiss the complaint.