LEAHY, by guardian *ad litem,* Appellant, vs. JOINT SCHOOL
DISTRICT No. 12 OF THE TOWNS OF GREENFIELD
AND LAKE, Respondent.

*December 6, 1927—January 10, 1928.*

*Schools: School board, not district, to engage teacher.*

1. By sec. 40.28, Stats., ·it is the school board, and not the school
   district, which must contract with a teacher in order that
   there may be a valid agreement.  p. 533.
2. Statutes prescribing the respective duties and powers of a school
   district must be strictly construed, and persons dealing with
   such bodies are bound to know thereof at their peril.  p. 534.
3. The action taken by a school district meeting purporting to
   re-employ a school teacher for the following year, evidenced
   by an entry on the minutes of the meeting, is invalid in the
   absence of a written contract executed by the school board,
   as required by sec. 40.28, Stats.; and payment of salary to a
   teacher performing services thereunder did not relieve the
   district of liability therefor to the teacher with whom the
   school board had subsequently entered into a written contract
   and who was prevented from performing her duties.  p. 534.

APPEAL from a judgment of the circuit court for Mil-
waukee county: AUGUST E. BRAUN, Circuit Judge.  *Re-
versed.*

Action for teacher's salary for school year 1924–1925.

A Miss Schultz had taught defendant's school for two
years preceding July, 1924, and before the annual school
district meeting held July 7, 1924, she had spoken to two
of the school board and the three members had informally
discussed the matter of her continuing for the next season,
but no formal contract to that effect, oral or written, had
been made.

At such annual meeting, attended by some fifteen persons,
including, apparently, the three then members of the school
board, the following recital in the minutes of the meeting
was all that appears to have been done or attempted in the
matter of a teacher, to wit: "Miss Schultz rehired as teacher

for coming year at same salary." One of the then directors was defeated for re-election.

In August, the plaintiff, an emancipated minor and with conceded qualifications, applied to two members of the board and was told she might teach the coming school year. On August 22d a written contract to that effect was signed by plaintiff and two members at an alleged special meeting of the board, attended by but the two members, and written notice whereof had been signed by but one, instead of the statutory requirement (sec. 40.24), by two members. On the opening of school September 2d plaintiff obtained the key and presented herself at the schoolhouse ready and willing to teach. She then learned for the first time that Miss Schultz, who also so appeared, relied upon her alleged contract of July 7th. Such contention was supported by one member of the board there present. The two other members were then called, and after discussion they informed the plaintiff that some legal means would be taken to put her in possession of the school.

On September 11th a regularly called meeting of the school board was held. All three members were present, the one favoring Miss Schultz leaving, however, before any formal action was taken. A formal contract in compliance with the statute and in the usual and approved form was then authorized and signed by plaintiff and the school board, by the two members, for the then commencing school year. ·

October 12th an action was commenced by the district to restrain Miss Schultz from teaching, and November 17, 1924, a permanent injunction was denied. At a meeting of the district on December 1st it was decided to proceed no further with such action, and the minutes of the July 7th meeting, *supra,* were approved.

Miss Schultz continued to teach all of that school year.

Demand was made on plaintiff's behalf for the salary during the same period.

June 3, 1925, this action was commenced, and on the trial in December, 1926, the court dismissed it. From the judgment plaintiff appeals.

For the appellant there was a brief by *James D. Foley,* attorney, and *Albert M. Kelly,* of counsel, both of Milwaukee, and oral argument by *Mr. Foley.*

For the respondent there was a brief by *Perry & Perry* of Milwaukee, and oral argument by *C. M. Perry.*

ESCHWEILER, J. If there was no prior binding contract between defendant school district and Miss Schultz, the former teacher, then the plaintiff is entitled to recover by reason of having had a formal written contract with the school board made September 11, 1924, for the school year in question.

The defendant asserts that the presence of all three members of the school board at the annual school district meeting July 7th; their apparent recommendation or report of the hiring of Miss Schultz; their acquiescence in the proceeding resulting in the action, represented by the entry in the official minutes that "Miss Schultz rehired as teacher for coming year at same salary," amount in effect to the same as though they had done the rehiring at a meeting by themselves as school board, as distinguished from the meeting of the electors of the school district. It is further claimed that the following facts all prevented a recovery by plaintiff here, viz.: the denial of an injunction to prevent Miss Schultz continuing as teacher in the suit brought against her by the district, based, as such denial appears to have been, on the view that there was a lawful hiring of Miss Schultz at the annual meeting; that no appeal was taken from such denial; that the school district at such annual meeting voted only enough money to pay the salary of one teacher; that such salary had been paid Miss Schultz by the treasurer of the district upon monthly orders issued by

Leahy v. Joint School District, 194 Wis. 530.

the clerk pursuant to the direction of sec. 40.20 (5), Stats., saying that he, the clerk, is "To draw orders on the treasurer for money apportioned to or raised by the district to pay, according to the contract made by the board, the wages of any qualified teachers for teaching the district school," etc.; and Miss Schultz having taught the entire period and having been so paid.

From early times in this state the legislature, while expressly granting to the electors of the school district in annual meeting duly assembled many and varied powers and duties, and as now expressed in sec. 40.09, Stats., such as voting upon the amount to be raised for building or leasing schoolhouses; for teachers' wages; for additional teachers; for the purchase of supplies; the length of the school year; to provide for the prosecution or defense of legal proceedings; and by sec. 40.26 that they shall direct the board to build, purchase, or lease schoolhouses, nevertheless by sec. 40.28 it is not the *school district,* but "The *board shall contract* with qualified teachers, specify in the contract the wages . . . to be paid," etc.

Just why such a vital and important distinction should be made between the school district as such and its officers, the school board, it is now immaterial to question. The legislature made and has continued such distinction and mandate, and this court must continue to so recognize and uphold, as it has repeatedly done in the past, the law that it is the school board and not the school district which must be the agreeing body with the teacher in order that there be validity to such a contract, and as shown in the following among other cases: *Tripp v. School Dist.* 50 Wis. 651, 655, 659, 7 N. W. 840; *McNolty v. Board of School Directors,* 102 Wis. 261, 78 N. W. 439; *Manthey v. School Dist.* 106 Wis. 340, 82 N. W. 132; *Hemingway v. Joint School Dist.* 118 Wis. 294, 95 N. W. 116; *Pearson v. School Dist.* 144 Wis. 620, 129 N. W. 940; *Curkeet v. Joint School Dist.*

159 Wis. 149, 149 N. W. 708; *Clune v. School Dist.* 166 Wis. 452, 166 N. W. 11, 6 A. L. R. 736; *State ex rel. Beattie v. Board of Education,* 169 Wis. 231, 235, 172 N. W. 153; *State ex rel. Van Straten v. Milquet,* 180 Wis. 109, 113, 192 N. W. 392; *Schaut v. Joint School Dist.* 191 Wis. 104, 107, 210 N. W. 270.

Many other courts are in accord with the rulings in our decisions as to the strictness with which such provisions are to be construed and that persons dealing with such bodies are bound to know thereof at their peril. *Martin v. Common School Dist.* 163 Minn. 427, 204 N. W. 320; *Conners v. Lowell,* 246 Mass. 279, 283, 140 N. E. 742; *Meader v. West Newbury,* 256 Mass. 37, 39, 152 N. E. 315; *Schofield v. School Dist.* 105 Kan. 343, 184 Pac. 480.

Respondent cannot be helped by relying upon such cases as *Butler v. Joint School Dist.* 155 Wis. 626, 145 N. W. 180, that such board may lawfully act though not formally called together nor their action recorded; or by *Monaghan v. School Dist.* 38 Wis. 100, where it was held that a vote of the district to raise a tax to pay for services rendered under an agreement attempted to be executed by the board though possibly without due authority, constituted a ratification of the contract; or *O'Loughlin v. Dorn,* 168 Wis. 205, 169 N. W. 572, involving the building of a schoolhouse and the ratification of that which such district might have done in the first instance; or *School Dist. v. Goodwin,* 81 Ark. 143, 98 S. W. 696, where both the district and the board ratified.

The action taken by the school district meeting in July, 1924, was not intended to be, and was not in any proper sense, the action of the school board, the only body which could be party to such a contract with the teacher, and such school district action could give no vitality to it, and there was therefore but one valid and binding contract for teacher's services for the school year of 1924–1925, and that the one with plaintiff.

This being so, and no substantial grounds being shown or urged why plaintiff should not be entitled, under her contract, to the salary (*Kempster v. Milwaukee,* 97 Wis. 343, 349, 72 N. W. 743), she must recover. This determination makes unnecessary the discussion of other questions.

*By the Court.*—Judgment reversed, and cause remanded with directions to enter judgment for plaintiff.