HARRIS, Appellant, vs. JOINT SCHOOL DISTRICT NUMBER SIX IN THE TOWNS OF NEPEUSKUN AND UTICA and others, Respondents.

*October 17—November 11, 1930.*

The cause was submitted for the appellant on the brief of *Rodney Alder* of Omro, and for the respondents on that of *Barber, Keefe, Patri & Horwitz* of Oshkosh.

FRITZ, J.   Without conflict or contradiction, the evidence established that in August, 1922, plaintiff, a qualified school teacher, applied in person to the clerk of the defendant school district for employment, and thereafter received by mail forms, in duplicate, for a contract, signed by the defendants Anklam and Bishop, and the clerk, who constituted the school board.   Plaintiff signed the forms and returned one to the clerk.   She taught the school two and one-half months, and then her employment was terminated by a notice signed by Anklam and Bishop.   She was paid for the two and one-half months at the rate specified in the form for contract.   However, no meeting—formal or informal—of the three members of the board was ever held at which there was any discussion or action taken in relation to a contract with plaintiff, or her employment.   Even

the signatures of the three members of the board were not affixed when all were present. Bishop had signed at his residence in the absence of Anklam, and the latter had signed in the absence of Bishop. Likewise, no action was ever taken at a board meeting authorizing or in relation to salary payments. The clerk issued the orders for payment to the teacher, who procured Anklam's signature and then presented the orders to Bishop, as treasurer of the district, for payment.

It is well established that the powers of school district officers are limited, and can only be exercised as the statute provides, and persons contracting with a district are legally charged with notice of the extent of such powers and the manner in which they must be exercised. *McNolty v. Board of School Directors,* 102 Wis. 261, 78 N. W. 439. In that case the court also said:

"It is familiar law that when a board of public officers is about to perform an act requiring the exercise of its discretion and judgment, the members must all meet and confer together or must all be properly notified of such meeting in order to make the action binding. Individual and independent action, even by a majority of the members of the board, will not suffice."

In the year 1922, so far as material in this action, sec. 40.28 (1), Stats., provided: "The board shall contract with qualified teachers;" and sec. 40.24 provided: "No act authorized to be done by the board shall be valid unless voted at its meeting. . . ."

Plaintiff was charged with notice of the extent of the board's powers and the manner in which they must be exercised under those statutory provisions. In the absence of some action by the board at a meeting thereof, in compliance with the statutes, the plaintiff cannot recover on any theory, whether she relies on an express or on an implied contract, or a ratification thereof, by reason of payments

for services actually rendered. *McNolty v. Board of School Directors, supra; Manthey v. School District,* 106 Wis. 340, 82 N. W. 132; *School District v. Industrial Comm.* 194 Wis. 342, 216 N. W. 844. As was said in the latter case:

"This court has consistently held that a contract binding upon the school district must be authorized by a vote of the school district board at a meeting of the board. . . . Although it was held in *Butler v. Joint School District,* 155 Wis. 626, 145 N. W. 180, that 'When all the members of the board are present, official action may be taken although the meeting be not formally called or the action formally recorded in the minutes,' nevertheless there has been no departure from the universal holding that any specific contract to be binding upon the school district must be authorized by a vote of the school board taken at a meeting of the board. The meeting may be informal, the vote may not be formal and may not be recorded, but, nevertheless, the contract must be authorized by the combined action of the board."

"To say that a contract will be implied in the absence of such authorization would be to entirely wipe out this provision of the statute, and it must be held that Olson was not in the employ of the district by virtue of an implied contract." Page 345.

Consequently, no binding contractual relation ever existed between the plaintiff and the defendant school district, and she was not entitled to recover for any breach of contract. On the other hand, as no such contract ever existed, plaintiff had no right to continue performance, and, as a matter of law, she sustained no injury by reason of Anklam and Bishop terminating her services. The defendants were entitled to the verdict and judgment ordered by the court.

*By the Court.*—Judgment affirmed.