EVERETT E. BOLLE, Assembly Chief Clerk, Assembly Committee onOrganization
The Assembly Committee on Organization has asked a series of questions relating to the authority of a common school district to lease property that it owns.
A problem exists in some school districts where there are many empty classrooms due to the declining enrollments. In some instances, the school district does not wish to sell buildings or property because they may again be needed in the future for school purposes. The empty classrooms or school buildings are a current financial drain on the school districts involved.
It is my opinion that common school districts probably have the authority to lease property not currently needed for school purposes if authorized by the annual meeting pursuant to sec.120.10 (12), Stats., which provides that the annual meeting of a common school district may "[a]uthorize the sale of any property belonging to and not needed by the school district."
Since the lease of property is a limited sale, in the sense that it is a conveyance of property limited either in terms of duration, territorial extent or rights conveyed, I am of the opinion that the authority to sell probably includes the authority to lease.
In Bell and Another v. The City of Platteville, 71 Wis. 139,36 N.W. 831 (1888), where the common council of the city was given "the management and control of the finances and of all property of the city" and the power to "receive, purchase, and hold for the use of *Page 333 
the city any estate, real or personal, to sell and convey the same," but no specific grant of authority to lease property, the court held that the city was authorized to lease property not needed for a public purpose.
Public school districts have been held to be quasi-municipal corporations. See Iverson v. Union Free High School Dist.,186 Wis. 342, 202 N.W. 788 (1925), and Schaut v. Joint School District, 191 Wis. 104, 210 N.W. 270 (1926). Since school districts are quasi-municipal corporations it is my opinion that if the matter were litigated, our Wisconsin Supreme Court would apply Bell v. the City of Platteville and rule that a common school district has the authority to lease property under its general authority to own and sell property.
But this conclusion is not free from doubt. While a lease may properly be considered to be a limited sale of real estate and thus within the power to sell, there are aspects of a lease that are not present in a full sale of real estate, such as a continuing contractual relationship and the potential for further negotiation or the possibility of a dispute. Additionally, I cannot forecast with certainty that our supreme court would applyBell v. The City of Platteville to a quasi-municipal corporation.
These considerations lead me to recommend to the Legislature that it remove the question from doubt.
Your specific questions and my answers are:
 1. Whether a school board may lease that portion of a building not needed for school purposes;
 2. Whether a school board may lease an entire building not needed for school purposes;
 3. Whether the school board may lease to a private nonprofit making public purpose organization;
 4. Whether a school board may lease to a private profit making business organization;
Following the stated reasoning but with the caveat that the conclusion is not free from doubt, the answer to these questions is yes if the lease is authorized by the annual meeting pursuant to sec. 120.10 (12), Stats. *Page 334 
 5. Whether a school board must lease on a bidding or priority based procedure;
 6. Whether a school board may lease the property at a rental rate sufficient to provide a profit for the school district; and
 7. Whether a school board may lease the property at a rental rate sufficient only to defray maintenance and depreciation costs to the district.
Section 120.12, Stats., gives to the school board of a common school district broad powers with respect to running the school district and managing its property and affairs. Nevertheless, as the supreme court held in Iverson, supra at 354:
 The powers conferred upon school districts, whether to be exercised by the electors in their district meetings or by the school board, are powers germane to and appropriate for the promotion of the cause of education, and they must be used and exercised for the purpose of accomplishing rather than defeating that object . . . .
Thus, assuming that it has the power to lease, the school board would have discretion in the manner of how it leased property but the school board must act responsibly to the end that it must carry out its trust. It should obtain the most favorable terms it deems reasonable and if there is a profit from the lease of property, the profit must be used for school purposes. It is for the school board to determine whether it can obtain the best terms on a negotiated deal or by putting the matter out on bids.
The opinion request also asks that I discuss what terms must be included in the lease agreement.
The specific terms of the agreement are to be determined by the school board, or if negotiated, as determined by the school board and the lessee. It is impossible in a general opinion as is the case here to specify what terms should be in such a lease, but it should certainly contain the standard provisions that protect lessors and their property. Additionally, school districts may wish to consider language that would permit them to terminate leases upon appropriate notice if it becomes apparent that the leased premises are *Page 335 
again needed for school purposes. Specific situations will suggest provisions in the lease agreement.
BCL:WHW